IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES LYNN GARRETT and ) <br> SHANNON MARIE GARRETT ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ILLINOIS STATE TOLL HIGHWAY ) <br> AUTHORITY, JIMMI MARSHALL, ) <br> FREDDY DICKERSON, MARIO) <br> CALABRESE, PAUL EDWARD ) <br> GONZALEZ, JOHN BENDA, ) <br> DONALD J. McLENNAN, STEVEN T. ) <br> MUSSER, and MICHAEL ZADEL ) <br> ) <br> Defendants.) | Judge Guzman <br><br> Magistrate Judge Cox <br><br> Case No.: 07 C 6882 |

**RESPONSE OF THE PLAINTIFFS TO THE DEFENDANTS'
MOTION TO DISMISS**

Now comes the plaintiffs, JAMES LYNN GARRETT and SHANNON MARIE GARRETT, by their attorney, JOHN M. DUGAN, and in response to the motion of the defendants to dismiss, or in the alternative, stay the plaintiffs' action, state as follows:

1.  Jurisdiction of this Court is invoked under the provisions of Title 28 U.S. § 1332 (a)(1). The basis of the Court's jurisdiction is noted in part, because the defendants mistakenly rely on the case of *Colorado River V. United States*, 96 S.CT. 1236 (1976), which was not a diversity case.

2.  The plaintiffs also note that the court in the *Colorado River* case stated, "Abstention from the exercise of federal jurisdiction is the exception, not the rule." The court went on to list the three general categories of cases wherein the Federal Court should abstain from exercising its jurisdiction, none of which were applicable in the *Colorado River* case, nor are they applicable in this case. The court in the *Colorado River* case also discussed the conservation of judicial resources and the comprehensive disposition of litigation in light of a specific federal statute that was applicable to the unique facts of the case.

3.      The plaintiffs object and contest the application of Illinois Code of Civil Procedure, Section 2-619(a)(3). The provision reads, "That there is another action pending between the same parties **for the same cause**." (Emphasis added.) The provision is not applicable to this case, even if the state rule of civil procedure was applicable, which it is not as stated below. The plaintiffs have not brought another action against the defendants, though James Garrett is a defendant in an action by a third party against the Illinois State Toll Highway Authority, James Garrett, and others.

4.      As in the case of *Indiana Lumbermens V. Specialty Waste*, 774 F.SUPP. 525 (C.D.ILL., 1991), this Court should find that Section 2-619(a)(3) is not applicable to federal courts sitting in Illinois. Alternatively, as in the *Indiana Lumbermens* case, this Court should find that this case should not be dismissed pursuant to it.

5.      As in the case of *In Re Chicago Flood Litigation*, 819 F.SUPP. 762 (N.D.ILL., 1993) it is exceptional for a federal court to abstain from its jurisdiction. In the *In Re Chicago Flood Litigation* case, the City of Chicago moved for the dismissal or stay of the federal litigation, pending the outcome of related state litigation. The court held that without parallel proceedings, the abstention discussed in the *Colorado River* case was not applicable, and even if there were parallel proceedings, exceptional circumstances must exist to defer to the state proceedings.

6.      In addition to what has been stated, the plaintiffs would be highly prejudiced if the action was dismissed or stay. If their this case is dismissed, the plaintiffs would be forced to bring a claim in the state court actions, or in a separate state court action that would likely be consolidated with the pending court actions. Such a result would force the plaintiffs to present their claims against the defendants in this case to a jury that would learn that the subject vehicle accident resulted in the death of an individual, which gave rise to claims against one of the plaintiffs in this matter, James Garrett. Such a disclosure would prevent the plaintiffs in this case from receiving a fair evaluation of their claims against the defendants in this case. In the case of *U.S. V. KNAUER*, 149 F.2d 519 (C.A. 7 1945) the court stated, "The court should not consolidate the trial, even where the court sits as a chancellor, in cases where the issues affecting various defendants are certain to lead to confusion or prejudice to any one or all of the defendants." Based on the *KNAUER* case, the court in *Vallero V. Burlington Northern Railroad Company*, 749 F. SUPP. 908 (C.D.ILL., 1990) held that "a court should not order consolidation where the interests of any party would be prejudiced thereby."

7.      There is no justification to forcing the plaintiffs in this case to wait

for the resolution of the state court cases.  The findings in the state actions will not binding on this case, and vice versa, absent an admission of liability of one of the parties, which the plaintiffs know they will not make.

      8.    As a final comment, it should be noted that seven out of the ten parties to this case are not a party to any other case.

      WHEREFORE, the plaintiffs, JAMES LYNN GARRETT and SHANNON MARIE GARRETT pray for an order denying the defendants' motion.

      Respectfully submitted,

      S/John M. Dugan
      JOHN M. DUGAN
      Attorney for Plaintiff

**JOHN M. DUGAN**
**JOHN M. DUGAN & ASSOCIATES**
6114 North Tripp Avenue
Chicago, Illinois 60646
Telephone: 312-576-5313
Facsimile: 773-202-8227