IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES LYNN GARRETT and ) | |
| SHANNON MARIE GARRETT ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07 C 6882 |
| ) | |
| ) | Judge Guzman |
| THE ILLINOIS STATE ) | |
| TOLL HIGHWAY AUTHORITY, ) | Magistrate Judge Cox |
| JIMMI MARSHALL, ) | |
| FREDDY DICKERSON, MARIO ) | |
| CALABRESE, PAUL EDWARD ) | |
| GONZALEZ, JOHN BENDA, ) | |
| DONALD J. McLENNAN, STEVEN ) | |
| T. MUSSER, and MICHAEL ZADEL ) | |
| ) | |
| Defendants. ) | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Now come the defendants, the ILLINOIS STATE TOLL HIGHWAY AUTHORITY, JIMMI MARSHALL, FREDDY DICKERSON, MARIO CALABRESE, PAUL EDWARD GONZALEZ, JOHN BENDA, DONALD J. McLENNAN, STEVEN T. MUSSER, and MICHAEL ZADEL, by their attorney, LISA MADIGAN, Attorney General of the State of Illinois, and LARRY R. WIKOFF and TIFFANY I. BOHN, Assistant Attorneys General, and in support of their previously filed Motion to Dismiss this action or in the alternative for the Court to abstain from exercising jurisdiction state the following:

FACTS:

Defendants cite the following facts to be relevant to their Motion to Dismiss.

1.      On January 19, 2006, Jimmi Marshall through his attorneys filed lawsuit 2006 L 000647 in the Circuit Court of Cook County, Illinois against James Garrett and his employer Overnite Transportation Co., Inc. (n/k/a UPS Freight) seeking recovery for the personal injuries that he suffered as the result of the motor vehicle collision that occurred at M.P. 32.7 of southbound I-290, Cook County Illinois on December 6, 2005 ("Marshall Lawsuit").

2.      On February 17, 2006, Marissa Lingafelter, individually and as administrator of the Estate of Lewis Lingafelter, Jr., deceased, filed lawsuit 2006 L 001810 in the Circuit Court of Cook County, Illinois against James Garrett, his employer Overnite Transportation Co., Inc. (n/k/a UPS Freight), and the Illinois State Toll Highway ("Tollway") seeking recovery for the wrongful death suffered by Lewis Lingafelter, Jr. as the result of the motor vehicle collision that occurred at M.P. 32.7 of southbound I-290, Cook County Illinois on December 6, 2005 ("Lingafelter Lawsuit").

3.      On April 4, 2006 pursuant to the motion of Garrett and Overnite, the Lingafelter Lawsuit was consolidated with the Marshall Lawsuit.

4.      On April 17, 2006, the Tollway appeared in the Lingafelter Lawsuit and filed a counter-claim for contribution against Garrett and Overnite under the Illinois "Joint Tortfeasor Contribution Act", (740 ILCS 1000/.01 et. seq.), as well as a counterclaim for damage sustained to Tollway property as a result of the occurrence alleged.

5.      On June 6, 2007, Garret filed his third-party complaint in the Marshall Lawsuit against the Tollway seeking contribution from the Tollway for any damages that he may be held liable to pay to plaintiff, Jimmi Marshall.

6.      On September 26, 2007, Garrett filed a counter-claim for contribution as against the Tollway in the Lingafelter Lawsuit.

7.     Substantial written discovery consisting of interrogatories and exchange of documents has been completed by the parties in the consolidated state court lawsuits, and by order of court all discovery is to be completed by the end of February 2008.

8.     That eighteen depositions including those of all the parties herein have been taken in the state court proceedings.

9.     That the state court proceedings are scheduled to come up in May of 2008 for the purpose of setting a date for trial.

ARGUMENT:

I.  The Federal Lawsuit Should Be Dismissed.

Section 2-619(a)(3) of the Illinois Code of Civil Procedure [735 Ill. Comp. Stat. 5/2-619(a)(3) (West 2007)], provides that a cause of action may be dismissed if there is another action pending between the same parties for the same cause.

Presently, James Garrett has causes of action pending in the Circuit Court of Cook County Illinois wherein he has sued the Tollway seeking contribution for any damages for which he may be held liable as a result of the death of Lewis Lingafelter, Jr. as well as an action against the Tollway for contribution as to any damages for which he may be held liable as a result of injuries sustained by the Tollway's employee, Jimmi Marshall. Marshall has an action for personal injuries pending in the Circuit Court of Cook County against James Garrett.  The Tollway has an action (counter-claim) against Garrett seeking compensation for damages to its property.

In defining whether the parties are the same, the parties need not be identical (*citation omitted*). The "same parties" requirement is satisfied where the litigants' interests are sufficiently

similar, even if the litigants differ in name or number. Kappoor v. Fujisawa Pharmaceutical Co., LTD. et al., 298 Ill. App. 3d 780, 786, 699 N. E. 2d 1095, 1100. (1st Dist. 1998).

Two actions are for the same cause when the relief requested is based on substantially the same set of facts. Overnite Transportation Company v. International Brotherhood of Teamsters et al., 332 Ill. App. 3d 69, 773 N.E. 2d 26, (1st Dist. 2002). The crucial inquiry is whether the two actions arise out of the same transaction or occurrence, (*citation omitted*) not whether the legal theory, issues, burden of proof or relief sought materially differs between the two actions. (*citation omitted*). Furthermore, the purpose of the two actions need not be identical; rather there need only be a substantial similarity of issues between them. Id. at 76. The crucial inquiry is whether the two actions arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof or relief sought materially differ between the two actions. Kappoor, 699 N. E. 2d at 1100.

Clearly, under Illinois law, the present federal action and the previously pending state court actions are "between the same parties for the same cause". Therefore the next question that should be addressed is whether Section 2-619(a)(3) of the Illinois Civil Practice Act should apply so as to allow dismissal of this lawsuit.

Because jurisdiction in the present litigation is premised on diversity of citizenship, Illinois state law is applicable under the well established principles of Erie R.R. Co. v. Tompkins, 304 U.S. 64. The question of whether the Erie doctrine requires the application of an Illinois statutory provision which allows the dismissal of a cause of action involving the same cause and same parties as another pending action was addressed and decided in the affirmative by J. Holderman in the matter of Byer Museum of the Arts et al. v. The North River Insurance Company, 622 F. Supp. 1381, (N.D. Illinois, 1985). Since no variance exists between any state

4

and local rule that would apply to deciding the matter, §2-619 should be applied. Byer, Id., relying on Seaboard Finance Company v. Davis, 276 F. Supp. 507 (N.D. Ill. 1967).

II. The Federal Lawsuit Should Be Held In Abeyance.

In the alternative, defendants move that this matter should be held in abeyance pending resolution of the pending state court lawsuits pursuant to the Colorado River doctrine of abstention. Colorado River Water Conservation District v. United States, 424 U.S. 800.

However, application of the Colorado River doctrine does not necessarily preclude dismissal based on §2-619(a)(3) of the Illinois Civil Practice Act. The two provisions are not in conflict, but are rather complementary avenues for dismissal. Byer Museum of Arts, 622 F. Supp. at 1384. Colorado River abstention should apply based upon the traditional factors which include: the federal interest in the litigation; whether state or federal law provides the rule of decision on the merits; the avoidance of piecemeal litigation; the vexatious or reactive nature of either the state or federal action; the inconvenience of the federal forum; and the order in which jurisdiction was obtained by the concurrent forums. Colorado River, 424 U.S. at 818-19.

The present case presents no federal questions or issues of important federal interest. Its presence in federal court hinges only on the diverse citizenship of the parties. Plaintiff Garrett obviously has no concern over the fairness or impartiality of the Circuit Court of Cook County Illinois as he has already brought actions against the Tollway in that court and he can easily amend those actions to include the claims presented herein.

This court must apply Illinois substantive law rather than any federal law in determining the merits.

The ongoing state court actions will determine all of the issues of fact and law that exist between the parties. Having the present case pending will result in duplication of the discovery and trial process that is already underway and ongoing and in which James Garrett has been a participant for the past two years. Since the first court to decide the dispute will bind the other, the maintenance of an extra action will have an effect upon proceedings in the original action if the parties there attempt to accelerate or stall the proceedings in order to influence which court finishes first. The result would be similar to forum shopping.

Maintenance of the present case is vexatious. It requires that the Tollway and each of its employees as well as witnesses participate in two cases involving the same subject matter at the same time.

Less than five blocks separate the respective courthouses of the Circuit Court of Cook County Illinois and the Federal District Court in Chicago, so it cannot be said that either forum is more or less convenient than the other.

The state court action was filed approximately two years before the federal court action.


III. Conclusion:

Dismissal is appropriate applying §2-619(a)(3) and the Colorado River factors to this diversity action. Judicial interests in conserving scarce resources and insuring the proper exercise of federal jurisdiction will be serve best by allowing the Circuit Court of Cook County Illinois to decide the state issue unimpeded by the presence of a parallel federal proceeding.  In the alternative, the court should abstain from the exercise of diversity jurisdiction over this matter unless and until the previously pending state court proceedings are concluded.

| | |
|---|---|
| LISA MADIGAN,<br>Attorney General State of Illinois | Respectfully submitted,<br>Illinois State Toll Highway Authority |

_____
Larry R. Wikoff,
Assistant Attorney General
Attorney for Defendants

Larry R. Wikoff
2700 Ogden Avenue
Downers Grove, IL 60515
(630) 241-6800 x 1505
ARDC No. 3013898