**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES LYNN GARRETT and | ) | |
| SHANNON MARIE GARRETT | ) | |
| | ) | Judge Guzman |
| Plaintiffs, | ) | |
| | ) | Magistrate Judge Cox |
| v. | ) | |
| | ) | Case No.: 07 C 6882 |
| ILLINOIS STATE TOLL HIGHWAY | ) | |
| AUTHORITY, JIMMI MARSHALL, | ) | |
| FREDDY DICKERSON, MARIO) | | |
| CALABRESE, PAUL EDWARD | ) | |
| GONZALEZ, JOHN BENDA, | ) | |
| DONALD J. McLENNAN, STEVEN T. | ) | |
| MUSSER, and MICHAEL ZADEL | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE BRIEF OF THE PLAINTIFFS TO THE DEFENDANTS' MOTION
TO DISMISS**

Now comes the plaintiffs, JAMES LYNN GARRETT and SHANNON MARIE

GARRETT, by their attorney, JOHN M. DUGAN, and as their response to the

motion of the defendants to dismiss, or in the alternative, motion to stay the

plaintiffs' action, and the brief of the defendants filed on February 7, 2008,

state as follows:

1.    The facts stated in the defendants' brief are correct with the noted

clarification:

a)    Each reference to Garrett should note "defendant Garrett";

b)    James Lynn Garrett and Shannon Marie Garrett have not filed an

action in any Illinois sate court seeking recovery for their injuries and Shannon

1

Marie Garrett is not a party to any Illinois state action;

c)    Defendants Freddy Dickerson, Mario Calabrese, Paul Edward
Gonzalez, John Benda, Donald J. McLennan, Steven T. Musser, and Michael
Zadel are not parties to any Illinois state action;

d)    The discovery completed in the state court actions need not be
duplicated in this action and the plaintiffs do not seek a duplication of
discovery completed in the state actions; and

e)    The course of the state proceedings in unknown to all parties.

2.    An additional fact must be noted, namely that the death of Lewis
Lingafelter, Jr. is not relevant to the claims of the plaintiffs herein, but would
be highly prejudicial and unavoidable if this action is consolidated with the
state court actions.  The plaintiffs herein seek to have the defendants held
responsible for their "grossly inadequate" efforts to warn James Garrett that
the lanes of southbound I294 were closed, resulting from the violation of their
own standards as acknowledged in the defendants state case depositions.  The
evaluation of the actions of the defendants in the context of the action of James
Garrett in this case, could not be fairly performed by a jury that is aware that
the truck operated by James Garrett collided with an Illinois State Toll
Highway Authority truck, which thereafter struck and killed Lewis Lingafelter,
Jr.

3.    Jurisdiction of this Court is invoked under the provisions of Title
28 U.S. § 1332 (a)(1).  The basis of the Court's jurisdiction is noted in part,

2

because the defendants mistakenly rely on the case of *Colorado River V. United States*, 96 S.CT. 1236 (1976), which was not a diversity case.

4.    The plaintiffs also note that the court in the *Colorado River* case stated, "Abstention from the exercise of federal jurisdiction is the exception, not the rule." The court went on to list the three general categories of cases wherein the Federal Court should abstain from exercising its jurisdiction, none of which were applicable in the *Colorado River* case, nor are they applicable in this case. The court in the *Colorado River* case also discussed the conservation of judicial resources and the comprehensive disposition of litigation in light of a specific federal statute that was applicable to the unique facts of the case.

5.    The plaintiffs object and contest the application of Illinois Code of Civil Procedure, Section 2-619(a)(3). The provision reads, "That there is another action pending between the same parties **for the same cause**." (Emphasis added.) Contrary to the cases cited by the defendants, the provision is not applicable to this case, even if the state rule of civil procedure was applicable, which it is not as stated below. The plaintiffs have not brought another action against the defendants, though James Garrett is a defendant in an action by a third party against the Illinois State Toll Highway Authority, James Garrett, and others.

6.    As in the case of *Indiana Lumbermens V. Specialty Waste*, 774 F.SUPP. 525 (C.D.ILL., 1991), this Court should find that Section 2-619(a)(3) is not applicable to federal courts sitting in Illinois. Alternatively, as in the

*Indiana Lumbermens* case, this Court should find that this case should not be dismissed pursuant to it.

7.      As in the case of *In Re Chicago Flood Litigation,* 819 F.SUPP. 762 (N.D.ILL., 1993) it is exceptional for a federal court to abstain from its jurisdiction.  In the *In Re Chicago Flood Litigation* case, the City of Chicago moved for the dismissal or stay of the federal litigation, pending the outcome of related state litigation.  The court held that without parallel proceedings, the abstention discussed in the *Colorado River* case was not applicable, and even if there were parallel proceedings, exceptional circumstances must exist to defer to the state proceedings.

8.      In addition to what has been stated, the plaintiffs would be highly prejudiced if the action was dismissed or stay.  If their this case is dismissed, the plaintiffs would be forced to bring a claim in the state court actions, or in a separate state court action that would likely be consolidated with the pending court actions.  Such a result would force the plaintiffs to present their claims against the defendants in this case to a jury that would learn that the subject vehicle accident resulted in the death of an individual, which gave rise to claims against one of the plaintiffs in this matter, James Garrett.  Such a disclosure would prevent the plaintiffs in this case from receiving a fair evaluation of their claims against the defendants in this case.  In the case of *U.S. V. KNAUER*, 149 F.2d 519 (C.A. 7 1945) the court stated, "The court should not consolidate the trial, even where the court sits as a chancellor, in

4

cases where the issues affecting various defendants are certain to lead to confusion or prejudice to any one or all of the defendants (a party)."  Based on the *KNAUER* case, the court in *Vallero V. Burlington Northern Railroad Company*, 749 F. SUPP. 908 (C.D.ILL., 1990) held that "**a court should not order consolidation where the interests of any party would be prejudiced thereby**. (Emphasis added.)"

9.    There is no justification to forcing the plaintiffs in this case to wait for the resolution of the state court cases.  Contrary to the position taken by the defendants, the findings in the state actions will not be binding on this case, and vice versa, absent an admission of liability of one of the parties, which the plaintiffs know they will not make.

10.    As a final comment and as the facts indicate, it should be noted that seven out of the ten parties to this case are not a party to any other case.

WHEREFORE, the plaintiffs, JAMES LYNN GARRETT and SHANNON MARIE GARRETT pray for an order denying the defendants' motion.

Respectfully submitted,

S/John M. Dugan
JOHN M. DUGAN
Attorney for Plaintiff

**JOHN M. DUGAN**
**JOHN M. DUGAN & ASSOCIATES**
6114 North Tripp Avenue
Chicago, Illinois 60646
Telephone: 312-576-5313
Facsimile: 773-202-8227