IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LYNN GARRETT and SHANNON MARIE GARRETT | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 07 C 6882 |
| | ) | Judge Guzman |
| THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY, JIMMI MARSHALL, FREDDY DICKERSON, MARIO CALABRESE, PAUL EDWARD GONZALEZ, JOHN BENDA, DONALD J. McLENNAN, STEVEN T. MUSSER, and MICHAEL ZADEL | ) ) ) ) ) ) ) ) ) | Magistrate Judge Cox |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Now come the defendants, the ILLINOIS STATE TOLL HIGHWAY AUTHORITY, JIMMI MARSHALL, FREDDY DICKERSON, MARIO CALABRESE, PAUL EDWARD GONZALEZ, JOHN BENDA, DONALD J. McLENNAN, STEVEN T. MUSSER, and MICHAEL ZADEL, by their attorney, LISA MADIGAN, Attorney General of the State of Illinois, and LARRY R. WIKOFF and TIFFANY I. BOHN, Assistant Attorneys General, and for their reply in support of their previously filed Motion to Dismiss this action or in the alternative for the Court to abstain from exercising jurisdiction state the following:

FACTS:

1. Plaintiffs' assertion that the "course of the state proceedings is unknown to all the parties" is difficult to understand. James Garrett is a party to the state court case and the employer of each of the Defendants, the Illinois State Toll Highway Authority, is a party to the state court case.

2. Since the filing of this motion, counsel for plaintiff, the Estate of Lewis Lingafelter Jr. has served notice that on March 12, 2008, he will ask the court to set a trial date for that matter.

DISMISSAL UNDER SECTION 2-619(a)(3) OF THE ILLINOIS CODE OF CIVIL PROCEDURE:

Plaintiffs argue that their case should not be dismissed because they would be prejudiced if they have to bring their cause of action in the state court proceedings. The only prejudice that they cite is that the jury will know that Lewis Lingafelter Jr. died as a result of the accident. This is not a matter of prejudice but of trial strategy. In any event, if forced to defend Garretts' claim in federal court, the defendants will file a counterclaim/third-party claim against James Garrett and his employer, Overnite Transportation Company n/k/a UPS Freight, seeking contribution from them for payment of damages for any amount which they may pay that is greater than their share of the common liability for the death of Lewis Lingafelter Jr. as is provided for by the Illinois Joint Tortfeasor Contribution Act, 740 Ill. Comp. Stat. 100/2. This will necessarily cause the death of Lewis Lingafelter Jr. to be relevant and within the knowledge of the jury.

Movants acknowledge that there has been a split in the Northern District of Illinois as to whether §2-619 is procedural or substantive and that the more recent trend as been to find it to be procedural.

In addition, although not cited by the plaintiffs in their Response, additional research has brought to the attention of counsel for the movants the decision in <u>AXA Corporate Solutions v. Underwriters Reinsurance Corporation,</u> 347 F.3d 272 (2003) wherein it was held §2-619(a)(3) of the Illinois Code of Civil Procedure should not apply to matters pending in the federal court. Unless there is further law in this subject, it appears that this court is bound by <u>AXA Corporate Solutions</u>.

<u>COLORADO RIVER</u> DOCTRINE ABSTENTION:

Plaintiffs' only argument against <u>Colorado River</u> abstention appears to be that the they should not have to wait for the resolution of the state courts cases because the "findings" in those cases will not be binding on the parties. Plaintiffs cite no authority for their position.

Plaintiffs assume that the state court cases will not reach trial within a relatively short time. There is however no basis for such an assumption. The state court cases have been pending for more than two years and attorneys for the Estate of Lingafelter are requesting that a trial date be set.

If the state court cases are tried, the jury will be charged with determining the relative degrees of fault between the Tollway and James Garrett as is provided for by the Illinois Joint Tortfeasor Contribution Act, 740 Ill. Comp. Stat. 100/2. No defendant in the pending Lingafelter state court case has asserted the defense of contributory negligence as to the actions of the decedent, Lewis Lingafelter Jr. and therefore the only fault that the jury will assess in that lawsuit will be that of James Garrett, and the Tollway and its employees. Such findings will be determinative of the percentages of fault attributable to James Garrett and the Tollway and its employees for causing the accident, and further litigation of this issue will be precluded by

3

operation of collateral estoppel. <u>Czarik v. Wendover Financial Services et al.</u>, 374 Ill. App. 3d 113, 116; 879 N.E. 2d 875, 878. (1st Dist. 2007).

Wherefore, the defendants pray that their Motion to Dismiss be granted or alternatively that this matter be stayed and held in abeyance pending determination of the prior pending lawsuit between the parties in the Circuit Court of Cook County, Illinois.

| | |
|---|---|
| LISA MADIGAN,<br>Attorney General State of Illinois | Respectfully submitted,<br>Illinois State Toll Highway Authority |
| | _____<br>Tiffany I. Bohn,<br>Assistant Attorney General<br>Attorney for Defendants |

Tiffany I. Bohn
Illinois State Toll Highway Authority
2700 Ogden Avenue
Downers Grove, IL 60515
(630) 241-6800 x 1525
ARDC No. 6285774