## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6882 | **DATE** | 5/7/2008 |
| **CASE TITLE** | James Lynn Garrett vs. Illinois State Toll Highway Authority, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, defendants' motion that the Court dismiss, or in the alternative, abstain from exercising jurisdiction over this suit [doc. no. 10] is denied.

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

This suit arises out of a traffic accident that occurred on Interstate 294 in which James Garrett, a citizen of Kansas, was injured. Defendants ask the Court to dismiss the suit pursuant to 735 Ill. Comp. Stat. 2-619 ("section 2-619") or abstain from exercising jurisdiction over it under the *Colorado River* doctrine. The Court can do neither.

Contrary to defendants' argument, the Seventh Circuit has held that section 2-619 does not apply to diversity suits:

> [T]he problem addressed by § 2-619(a)(3) is closely akin to topics such as forum non conveniens, lis pendens, and venue statutes. Each of those areas addresses an organizational matter that is governed by the law of the sovereign that established the forum. In the case of a federal court, that sovereign is obviously the United States. We see no way for a federal court simultaneously to follow the Supreme Court's Colorado River doctrine and to apply the rule of § 2-619(a)(3). Given that conflict, and given the procedural nature of this problem, we conclude that the state statute should not have played any role in the decision whether to retain or dispose of this [diversity suit].

*AXA Corporate Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003). Thus, the state law provides no basis for dismissing this suit.

Defendants fare no better under the *Colorado River* doctrine. The first step in that analysis is determining "whether the concurrent state and federal actions are . . . parallel." *Tyrer v. City of S. Beloit*, 456 F.3d 744, 751 (7th Cir. 2006) (quotation omitted). Only if they are, does the Court proceed to decide whether "exceptional circumstances" exist to justify an abstention of jurisdiction. *Id.* (quotation omitted). "[T]o determine whether two suits are parallel, a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Id.* at 752.

The parties make various representations about the parties to, and the claims raised in, the purportedly related lawsuits pending in state court. Neither, however, has submitted any pleadings or other documents from those suits that would enable the Court to determine whether the actions are parallel. Because the Court has no basis for concluding that the suits are parallel, the first step in the *Colorado River* analysis, defendants' request that the Court abstain from exercising jurisdiction over this suit is denied.