Order                                    CCG N002-300M-2/24/05 (        )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Lingafelter a Marshall, et. al

}

v.

Overnite Transportation Company,
James Garrett, et. al.

No. _07-L-617_

**ORDER**

This cause coming before the Court on Plaintiffs,
Motion to set for trial, by agreement of the parties
the motion is granted and this matter is set for
trial on August 18, 2008 at 10:00 a.m.

Atty. No.: _066 2 429_

Name: _David V. Dorris_                    **ENTERED:**

Atty. for: _Plaintiff - Lingafelter_

Address: _201 w. Jefferson ST., Suite 601_    Dated:

City/State/Zip: _Bloomington, Ill._

Telephone: _309- 820-9174_

**ENTERED**
JUDGE THOMAS L. HOGAN-1739
MAR 12 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

TJR:ljg                           #55053-8/55013-8                    I.D. #37574

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JIMMI MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No:  06 L 647 |
| | ) | |
| JAMES GARRETT, Individually and as Agent | ) | |
| of OVERNITE TRANSPORTATION COMPANY | ) | |
| and as Agent of UNITED PARCEL SERVICE, | ) | |
| OVERNITE TRANSPORTATION COMPANY, | ) | |
| a Corporation, and UNITED PARCEL SERVICE, | ) | |
| a Corporation, | ) | |
| | ) | |
| Defendants. | ) | Consolidated With |
| | ) | |
| MARISSA LINGAFELTER, Individually and as | ) | |
| Special Administrator of the Estate of LEWIS | ) | |
| LINGAFELTER, JR., Deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No:  06 L 1810 |
| | ) | |
| OVERNITE TRANSPORTATION COMPANY, | ) | |
| JAMES GARRETT, ILLINOIS STATE TOLL | ) | |
| HIGHWAY AUTHORITY, UNITED PARCEL | ) | |
| SERVICE, INC., UNITED PARCEL SERVICE | ) | |
| CO. | ) | |
| | ) | |
| Defendants. | ) | |

## COUNTERCLAIM FOR CONTRIBUTION

NOW COME the Defendants/Counter Plaintiffs, JAMES GARRETT and

OVERNITE TRANSPORTATION COMPANY (n/k/a UPS FREIGHT), by and through

one of their attorneys, TIMOTHY J. REED and MENGES & MOLZAHN, LLC, and for

their Counterclaim for Contribution against the Defendant/Counter Defendant, ILLINOIS

STATE TOLL HIGHWAY AUTHORITY (Toll Way), state as follows:

Doc:326029_1

1.     The Plaintiff, MARISSA LINGAFELTER, Individually and as Special Administrator of the Estate of Lewis Lingafelter, Jr., deceased, has filed Lawsuit No. 06 L 1810 against these Defendants/Counter Plaintiffs, as well as against the Defendant/Defendant (which lawsuit has been previously consolidated for discovery and trial with Lawsuit No. 06 L 00647, entitled *Jimmi Marshall v. James Garrett, and Overnite Transportation Company*), alleging injuries for the wrongful death of Lewis Lingafelter, Jr., as the result of a motor vehicle accident which occurred on December 6, 2005, while the deceased, Lewis Lingafelter, Jr., was performing his work duties as a contract worker in and upon the southbound lanes of Interstate 294 at or near MP 32.7. That attached hereto and made a part hereof by reference, is a copy of Plaintiff's Complaint at Law marked herein as Exhibit "A".

2.     The Defendants/Plaintiffs, JAMES GARRETT and UPS FREIGHT have filed an Answer to the Plaintiff's Complaint at Law denying all material allegations. That attached hereto and made a part of hereof by reference is a copy of the Defendants/Plaintiffs' Answer to Plaintiff's Complaint at Law marked herein as Exhibit "B".

3.     That at the time of the occurrence alleged in Plaintiff's Complaint at Law, the Toll Way, by and through its employees while operating Toll Way vehicles, was operating a "rolling channel" in providing protection for a moving operation being performed by workers upon the highway and which closed the two outside lanes of southbound Interstate 294 in and or about the vicinity of MP 32.7.

4.     That at the time of the occurrence alleged in Plaintiff's Complaint at Law, it was then and there the duty of the Defendant/Counter Defendant, ILLINOIS STATE

TOLL HIGHWAY AUTHORITY, to exercise reasonable care with respect to providing

protection to workers upon the roadway and the traveling public through the design,

utilization and operation of its "rolling channel" configuration in closing the two outside

lanes of southbound Interstate 294 in and or about the vicinity of Milepost 32.7 in order

to avoid causing injury to persons lawfully upon the roadway, including the decedent,

Lewis Lingafelter, Jr..

     5.    That at the time of the occurrence involving Lewis Lingafelter, Jr., the

Defendant/Counter Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY,

breached its duty in that it carelessly and negligently, by and through its agents, servants,

and/or employees, acted or failed to act in one or more of the following ways:

     a.    Failed to utilize the minimally required number of vehicles in its

         "rolling channel" configuration in violation of the Toll Way's

         own standards and guidelines;

     b.    Failed to warn the workers upon the highway, including but not

         limited to Lewis Lingafelter, Jr., that it was reducing the

         number of vehicles providing protection to said workers to a

         number less then the minimum number of vehicles required to

         adequately protect said workers pursuant to the Toll Way's own

         standards and guidelines;

     c.    Failed to warn or otherwise notify the workers upon the roadway,

         including but not limited to the deceased, Lewis Lingafelter, to

         immediately stop their work and get off of the roadway upon the

         Toll Way reducing the number of vehicles providing protection to

said workers to a number less than the minimum number of vehicles required to adequately protect said workers in violation of the Toll Way's own standards and guidelines;

d.   Failed to adequately and safely warn the traveling public, including Defendant/Counter Defendant, JAMES GARRETT, that the two outside lanes of southbound Interstate 294 were closed in and or about the vicinity of Milepost 32.7;

e.   Created a hazard for workers upon the roadway, including but not limited to Lewis Lingafelter, Jr., and the traveling public, including but not limited to Defendant/Counter Plaintiff, JAMES GARRETT, by "bunching up" the "rolling channel" configuration when it knew or should have known it was dangerous to do so;

f.   Failed to provide safe and adequate protection to the decedent Lewis Lingafelter, Jr., while he performed his work duties in and upon the southbound lanes of Interstate 294;

g.   Created a hazard upon the roadway by positioning one of its "shadow" trucks in such close proximity to the decedent Lewis Lingafelter, Jr., that the Toll Way knew or should of known that such positioning created an inherent risk of harm to Lewis Lingafelter, Jr., in the event said shadow truck may have been struck from behind;

4

h.      Failed to properly train its employees on the proper

manner in operating a safe "rolling channel" configuration

for the protection of workers upon the highway and the traveling

public;

i.      Failed to properly supervise its employees on the safe and adequate

"rolling channel" configuration for the protection of workers upon

the highway and the traveling public;

j.      Failed to ensure that its employees operated a safe and proper

"rolling channel" configuration for the protection of workers upon

the highway and the traveling public.

6.      The any injuries suffered by the Plaintiff, MARISSA LINGAFELTER, as

Special Administrator of the Estate of Lewis Lingafelter, Jr., deceased, were proximately

caused by one or more of the aforesaid careless and/or negligent acts and/or omissions of

the Defendant/Counter Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY.

7.      That pursuant to the Act entitled *"An Act in Relation to Contribution*

*Among Joint Tortfeasors,* 740 ILCS 100/0.1 *et seq.* (The Contribution Act), under which

this Counterclaim is brought, if any judgment is rendered in favor of the Plaintiff,

MARISSA LINGAFELETER, and against the Defendants/Counter Plaintiffs, JAMES

GARRETT and UPS FREIGHT, then the Defendants/Counter Plaintiffs are entitled to

contribution from the Defendant/Counter Defendant, ILLINOIS STATE  TOLL

HIGHWAY AUTHORITY, in an amount equal to the pro-rata share of liability

attributable to the Defendant/Counter Defendant, ILLINOIS STATE TOLL HIGHWAY

AUTHORITY.

WHEREFORE, the Defendants/Counter Plaintiffs, JAMES GARRETT and UPS FREIGHT, pray that in the event judgment is rendered against them and in favor of the Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of Lewis Lingafelter, Jr., deceased, that judgment be entered in favor of the Defendants/Counter Plaintiffs, JAMES GARRETT and UPS FREIGHT, and against the Defendant/Counter Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, in an amount commensurate with the degree of negligence attributable to the Defendant/Counter Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY.

JAMES GARRETT and OVERNITE
TRANSPORTATION COMPANY, n/k/a
UPS FREIGHT.


By: _____
Timothy J. Reed, One of Their Attorneys


Timothy J. Reed
MENGES & MOLZAHN, LLC
20 North Clark Street
Suite 2300
Chicago, IL 60602
(312) 917-1880
(312) 917-1851 - Fax

TJR:ljg                         #55053-8/55013-8                    I.D. #37574

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JIMMI MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 06 L 647 |
| | ) | |
| JAMES GARRETT, Individually and as Agent | ) | |
| of OVERNITE TRANSPORTATION COMPANY | ) | |
| and as Agent of UNITED PARCEL SERVICE, | ) | |
| OVERNITE TRANSPORTATION COMPANY, | ) | |
| a Corporation, and UNITED PARCEL SERVICE, | ) | |
| a Corporation, | ) | |
| | ) | |
| Defendants. | ) | Consolidated With |
| | ) | |
| MARISSA LINGAFELTER, Individually and as | ) | |
| Special Administrator of the Estate of LEWIS | ) | |
| LINGAFELTER, JR., Deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 06 L 1810 |
| | ) | |
| OVERNITE TRANSPORTATION COMPANY, | ) | |
| JAMES GARRETT, ILLINOIS STATE TOLL | ) | |
| HIGHWAY AUTHORITY, UNITED PARCEL | ) | |
| SERVICE, INC., UNITED PARCEL SERVICE | ) | |
| CO. | ) | |
| | ) | |
| Defendants. | ) | |

### THIRD-PARTY COMPLAINT FOR CONTRIBUTION

NOW COME the Defendants/Third-Party Plaintiffs, JAMES GARRETT and

OVERNITE TRANSPORTATION COMPANY (n/k/a UPS FREIGHT), by and through

one of their attorneys, TIMOTHY J. REED and MENGES & MOLZAHN, LLC, and for

their Third-Party Complaint for Contribution against the Third-Party Defendant,

ILLINOIS STATE TOLL HIGHWAY AUTHORITY, state as follows:

Doc:326029_1

1.    The Plaintiff, JIMMI MARSHALL, has filed Lawsuit No. 06 L 647 against these defendants/third-party plaintiffs (which lawsuit has been previously consolidated for discovery and trial with Lawsuit No. 06 L 001810, entitled *Marissa Lingafelter, Individually and as Special Administrator of the Estate of Lewis Lingafelter, Jr., deceased v. Overnite Transportation Company, James Garrett and Illinois State Toll Highway Authority*), alleging personal injuries as the result of a motor vehicle accident which occurred on December 6, 2005, while Plaintiff, JIMMI MARSHALL, was operating a certain Toll Way vehicle within the scope of his employment with the ILLINOIS STATE TOLL HIGHWAY AUTHORITY. That attached hereto and made a part hereof by reference, is a copy of Plaintiff's Complaint at Law marked herein as Exhibit "A".

2.    The Defendants/Third-Party Plaintiffs, JAMES GARRETT and UPS FREIGHT have filed an Answer to the Plaintiff's Complaint at Law denying all material allegations. That attached hereto and made a part of hereof by reference is a copy of the Defendants/Third-Party Plaintiffs' Answer to Plaintiff's Complaint at Law marked herein as Exhibit "B".

3.    That at the time of the occurrence alleged in Plaintiff's Complaint at Law, the Third-Party Defendant, through its employees, including the plaintiff, JIMMI MARSHALL, while operating Toll Way vehicles, was operating a "rolling channel" for a moving operation in the closing of the two outside lanes of southbound Interstate 294 in and or about the vicinity of Milepost 32.7.

4.    That at the tine of the occurrence alleged in Plaintiff's Complaint at Law, it was then and there the duty of the Third-Party Defendant, ILLINOIS STATE TOLL

HIGHWAY AUTHORITY, to exercise reasonable care with respect to its design,
utilization and operation of its "rolling channel" in closing the two outside lanes of
southbound Interstate 294 in and or about the vicinity of Milepost 32.7 in order to avoid
causing in jury to motorists upon the roadway, including plaintiff JIMMI MARSHALL.

     5.    That at the time of the occurrence involving JIMMI MARSHALL, the
Third-Party Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, breached
its duty in that it carelessly and negligently, by and through its agents, servants, and/or
employees, acted or failed to act in one or more of the following ways:

    a.    Failed to utilize the minimally required number of vehicles in its
"rolling channel" moving operation in violation of Third-Party
Defendant's own standards and guidelines;

    b.    Failed to configure its vehicles in a safe and adequate tapered
configuration as part of its "rolling channel" moving operation in
violation of Third-Party Defendant's own standards and
guidelines;

    c.    Failed to adequately and safely warn the motoring public,
including Defendant/Third-Party Plaintiff, JAMES GARRETT,
that the two outside lanes of southbound Interstate 294 were
closed in and or about the vicinity of Milepost 32.7;

    d.    Created a hazard upon the roadway by "bunching up" the "rolling
channel" moving operation configuration when it knew or should
have known it was dangerous to do so for persons upon the
roadway, including but not limited to the plaintiff JIMMI

MARSHALL and Defendant/Third-Party Plaintiff JAMES

GARRETT.

e.   Failed to provide safe and proper protection to the Plaintiff, JIMMI

MARSHALL, who was operating a vehicle as part of the unsafe

and hazardous "rolling channel" moving operation.

f.   Failed to properly train its employees regarding proper guidelines

in configuring and/or operating a "rolling channel" moving

operation for a two lane closure upon the highway.

g.   Failed to properly supervise its employees in the safe and proper

configuration and operation of a "rolling channel" moving

operation for a two lane closure upon a highway.

h.   Failed to ensure that its employees operated a safe and properly

configured "rolling channel" moving operation for a

two lane closure upon a highway.

6.   The alleged injuries suffered by the Plaintiff, JIMMI MARSHALL, were

proximately caused by one or more of the aforesaid careless and/or negligent acts and/or

omissions of the Third-Party Defendant, ILLINOIS STATE TOLL HIGHWAY

AUTHORITY.

7.   That pursuant to the Act entitled *"An Act in Relation to Contribution*

*Among Joint Tortfeasors,* 740 ILCS 100/0.1 *et seq.* (The Contribution Act), under which

this Third-Party Complaint is brought, if any judgment is rendered in favor of the

Plaintiff, JIMMI MARSHALL, and against the Defendants/Third-Party Plaintiffs,

JAMES GARRETT and UPS FREIGHT, then the Defendants/Third-Party Plaintiffs are

entitled to contribution from the Third-Party Defendant, ILLINOIS STATE TOLL

HIGHWAY AUTHORITY, in an amount equal to the pro-rata share of liability

attributable to the Third-Party Defendant, ILLINOIS STATE TOLL HIGHWAY

AUTHORITY.

WHEREFORE, the Defendants/Third-Party Plaintiffs, JAMES GARRETT and

UPS FREIGHT, pray that in the event judgment is rendered against them and in favor of

the Plaintiff, JIMMI MARSHALL, that judgment be entered in favor of the

Defendants/Third-Party Plaintiffs, JAMES GARRETT and UPS FREIGHT, and against

the Third-Party Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, in an

amount commensurate with the degree of negligence attributable to the Third-Party

Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY.

> JAMES GARRETT and OVERNITE
> TRANSPORTATION COMPANY, n/k/a
> UPS FREIGHT.
>
> By: _Tim J Reed_____
> Timothy J. Reed, One of Their Attorneys

Timothy J. Reed
MENGES & MOLZAHN, LLC
20 North Clark Street
Suite 2300
Chicago, IL 60602
(312) 917-1880
(312) 917-1851 - Fax

55053-P

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION     Received

JIMMI MARSHALL;

                   Plaintiff,

    v.

JAMES GARRETT, Individually and as Agent of
OVERNITE TRANSPORTATION COMPANY
and as agent of UNITED PARCEL SERVICE;
OVERNITE TRANSPORTATION COMPANY, a
corporation; and
UNITED PARCEL SERVICE, a corporation,

                   Defendants.

FEB 0 3 2006

SOP
UPS Corp. Legal
2006L006477
CALENDAR/ROOM C
TIME 00:00
PI Motor Vehicle

NO.

06L 647

JURY DEMAND

06 JAN 19 PM 4:13
CIRCUIT COURT OF COOK
COUNTY ILLINOIS

**COUNT I**
**(Negligence- Overnite Transportation Company)**

    NOW COME the Plaintiffs, JIMMI MARSHALL, by and through his attorneys, POWER

ROGERS & SMITH, P.C., complaining of the Defendant, OVERNITE TRANSPORTATION

COMPANY, a Virginia Corporation (hereinafter OVERNITE), by and through its agent and/or

employee, JAMES GARRETT, pleading hypothetically, and in the alternative, states as follows:

    1.    On December 6, 2005, I-294 was a public highway which ran in a general north and

south direction.

    2.    On December 6, 2005, I-294 was a highway which ran through the town of Proviso

at mile marker 327, located in Cook County.

    3.    On December 6, 2005, OVERNITE was a Virginia corporation doing business in the

County of Cook and the State of Illinois.

    4.    On December 6, 2005, JAMES GARRETT, operated, maintained, managed and



EXHIBIT
A

controlled a 1999 International truck bearing Oklahoma license plate number 1NJU504.

5.      On December 6, 2005, the aforesaid 1999 International truck  was owned by OVERNITE.

6.      On December 6, 2005 and at all times material, Defendant, JAMES GARRETT, was an agent and/or employee of OVERNITE.

7.      On December 6, 2005 and at all times material, JAMES GARRETT, was acting within the scope and authority of his agency and/or employment relationship with OVERNITE.

8.      On December 6, 2005 and at all times material, OVERNITE held out JAMES GARRETT as its agent and/or employee.

9.      At the aforesaid time and place, Defendant, OVERNITE, owned, operated, managed, maintained, and controlled the aforesaid International truck, by and through its duly authorized agent and employee, Defendant, JAMES GARRETT.

10.      At the aforesaid time and place, plaintiff, JIMMI MARSHALL, was an employee of Illinois Tollway Authority, operating his maintenance vehicle  at the aforesaid mile marker 327, I-294, in the town of Proviso, Cook County, Illinois.

11.      At the aforesaid time and place, Defendant, OVERNITE, by and through its duly authorized agent and employee, JAMES GARRETT , traveled southbound and struck plaintiff's maintenance vehicle, driven by JIMMI MARSHALL, at the aforesaid mile marker 327, I-294, located in the town of Proviso, Cook County, Illinois.

12.      At the aforesaid time and place, Defendant, OVERNITE, by and through its duly authorized agent and employee, JAMES GARRETT, was negligent in one or more of the following respects:

-2-

a.   Carelessly and negligently operated, managed and controlled said motor vehicle without keeping a safe and proper lookout, contrary to and in violation of 625 ILCS 5/11-503; or

b.   Carelessly and negligently operated, managed and controlled said motor vehicle at a rate of speed greater than was reasonable and proper, having regard for the traffic and the use of the highway, contrary to and in violation of 625 ILCS 5/11-601; or

c.   Carelessly and negligently operated, managed and controlled said motor vehicle by failing to give audible warning of the approach of said motor vehicle although such warning was reasonably necessary to insure the safe operation of said motor vehicle, contrary to and in violation of 625 ILCS 5/11-601; or

d.   Carelessly operated, managed and maintained said motor vehicle in such a manner as to endanger the safety of Plaintiff, in violation of 625 ILCS 5/11-601; or

e.   Carelessly and negligently failed to exercise due care, in violation of 625 ILCS 5/11-1003.1; or

f.   Failing to keep a proper lookout, in violation of 625 ILCS 5/11-503 (2001);or

j.   Failed to see the Jimmi Marshall's vehicle; or

k.   Was otherwise negligent.

13.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendants, plaintiff, JIMMI MARSHALL, was injured, has endured and will in the future endure pain and suffering; has become disabled and disfigured; has suffered a loss of the enjoyment of a normal life; and has been damaged in his capacity to earn a living.

14.   Pursuant to the Illinois Code of Civil Procedure, the Affidavit of Attorney for Plaintiff is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff JIMMI MARSHALL, prays for judgment against the Defendants, OVERNITE TRANSPORTATION COMPANY, a Virginia corporation, by and through its agent

and/or employee, JAMES GARRETT, in an amount in excess of Fifty Thousand Dollars ($50,000.00) which shall represent fair and just compensation.

## COUNT II
### (Negligence – James Garrett)

NOW COME the Plaintiffs, JIMMI MARSHALL, by and through his attorneys, POWER ROGERS & SMITH, P.C., complaining of the Defendant, JAMES GARRETT, Individually, and as agent and/or employee of OVERNITE TRANSPORTATION COMPANY, a Virginia Corporation (hereinafter OVERNITE), pleading hypothetically, and in the alternative, states as follows:

1.    On December 6, 2005, I-294 was a public highway which ran in a general north and south direction.

2.    On December 6, 2005, I-294 was a highway which ran through the town of Proviso at mile marker 327, located in Cook County.

3.    On December 6, 2005, OVERNITE was a Virginia corporation doing business in the County of Cook and the State of Illinois.

4.    On December 6, 2005, JAMES GARRETT, operated, maintained, managed and controlled a 1999 International truck bearing Oklahoma license plate number 1NJU504.

5.    On December 6, 2005, the aforesaid 1999 International truck was owned by OVERNITE.

6.    On December 6, 2005, Defendant, JAMES GARRETT, was an agent and/or employee of OVERNITE.

7.    On December 6, 2005, JAMES GARRETT, was acting within the scope and authority of his agency and/or employment relationship with OVERNITE.

8.    On December 6, 2005, OVERNITE held out JAMES GARRETT as its agent and/or employee.

9.    At the aforesaid time and place, JAMES GARRETT's principal and/or employer, OVERNITE, owned, operated, managed, maintained, and controlled the aforesaid International truck.

10.    At the aforesaid time and place, plaintiff, JIMMI MARSHALL, was an employee of Illinois Tollway Authority, operating his maintenance vehicle  at the aforesaid mile marker 327, I-294, in the town of Proviso, Cook County, Illinois.

11.    At the aforesaid time and place, Defendant, JAMES GARRETT, Individually and as agent and/or employee of OVERNITE, traveled southbound and struck plaintiff's maintenance vehicle, driven by JIMMI MARSHALL, at the aforesaid mile marker 327, I-294, located in the town of Proviso, Cook County, Illinois.

12.    At the aforesaid time and place, Defendant, JAMES GARRETT, Individually and as agent and/or employee of OVERNITE, was negligent in one or more of the following respects:

a.    Carelessly and negligently operated, managed and controlled said motor vehicle without keeping a safe and proper lookout, contrary to and in violation of 625 ILCS 5/11-503; or

b.    Carelessly and negligently operated, managed and controlled said motor vehicle at a rate of speed greater than was reasonable and proper, having regard for the traffic and the use of the highway, contrary to and in violation of 625 ILCS 5/11-601; or

c.    Carelessly and negligently operated, managed and controlled said motor vehicle by failing to give audible warning of the approach of said motor vehicle although such warning was reasonably necessary to insure the safe operation of said motor vehicle, contrary to and in violation of 625 ILCS 5/11-601; or

d.    Carelessly operated, managed and maintained said motor vehicle in such a manner as to endanger the safety of Plaintiff, in violation of 625 ILCS 5/11-601; or

e.    Carelessly and negligently failed to exercise due care, in violation of

625 ILCS 5/11-1003.1; or

f.     Failing to keep a proper lookout, in violation of 625 ILCS 5/11-503 (2001); or

j.     Failed to see the Jimmi Marshall's vehicle; or

k.     Was otherwise negligent.

13.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendants, plaintiff, JIMMI MARSHALL, was injured, has endured and will in the future endure pain and suffering; has become disabled and disfigured; has suffered a loss of the enjoyment of a normal life; and has been damaged in his capacity to earn a living.

14.     Pursuant to the Illinois Code of Civil Procedure, the Affidavit of Attorney for Plaintiff is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff JIMMI MARSHALL, prays for judgment against the Defendants, JAMES GARRETT, Individually and as agent and/or employee of OVERNITE TRANSPORTATION COMPANY, a Virginia corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00) which shall represent fair and just compensation.

## COUNT III
### (Negligence – United Parcel Service)

NOW COME the Plaintiffs, JIMMI MARSHALL, by and through his attorneys, POWER ROGERS & SMITH, P.C., complaining of the Defendant, UNITED PARCEL SERVICE, a Corporation (hereinafter UPS), by and through its agent and/or employee, JAMES GARRETT, pleading hypothetically, and in the alternative, states as follows:

1.    On December 6, 2005, I-294 was a public highway which ran in a general north and south direction.

2.    On December 6, 2005, I-294 was a highway which ran through the town of Proviso at mile marker 327, located in Cook County.

3.    On December 6, 2005, UPS was a corporation doing business in the County of Cook and the State of Illinois.

4.    On December 6, 2005, JAMES GARRETT, operated, maintained, managed and controlled a 1999 International truck bearing Oklahoma license plate number 1NJU504.

5.    On December 6, 2005, the aforesaid 1999 International truck was owned by OVERNITE.

6.    On December 6, 2005 and at all times material, Defendant, JAMES GARRETT, was an agent and/or employee of UPS.

7.    On December 6, 2005 and at all times material, JAMES GARRETT, was acting within the scope and authority of his agency and/or employment relationship with UPS.

8.    On December 6, 2005 and at all times material, UPS held out JAMES GARRETT as its agent and/or employee.

9.    At the aforesaid time and place, Defendant, UPS, owned, operated, managed,

-8-

maintained, and controlled the aforesaid International truck, by and through its duly authorized agent and employee, Defendant, JAMES GARRETT.

10.   At the aforesaid time and place, plaintiff, JIMMI MARSHALL, was an employee of Illinois Tollway Authority, operating his maintenance vehicle at the aforesaid mile marker 327, I-294, in the town of Proviso, Cook County, Illinois.

11.   At the aforesaid time and place, Defendant, UPS, by and through its duly authorized agent and employee, JAMES GARRETT , traveled southbound and struck plaintiff's maintenance vehicle, driven by JIMMI MARSHALL, at the aforesaid mile marker 327, I-294, located in the town of Proviso, Cook County, Illinois.

12.   At the aforesaid time and place, Defendant, UPS, by and through its duly authorized agent and employee, JAMES GARRETT, was negligent in one or more of the following respects:

a.   Carelessly and negligently operated, managed and controlled said motor vehicle without keeping a safe and proper lookout, contrary to and in violation of 625 ILCS 5/11-503; or

b.   Carelessly and negligently operated, managed and controlled said motor vehicle at a rate of speed greater than was reasonable and proper, having regard for the traffic and the use of the highway, contrary to and in violation of 625 ILCS 5/11-601; or

c.   Carelessly and negligently operated, managed and controlled said motor vehicle by failing to give audible warning of the approach of said motor vehicle although such warning was reasonably necessary to insure the safe operation of said motor vehicle, contrary to and in violation of 625 ILCS 5/11-601; or

d.   Carelessly operated, managed and maintained said motor vehicle in such a manner as to endanger the safety of Plaintiff, in violation of 625 ILCS 5/11-601; or

e.   Carelessly and negligently failed to exercise due care, in violation of 625 ILCS 5/11-1003.1; or

-9-

f.    Failing to keep a proper lookout, in violation of 625 ILCS 5/11-503 (2001);or

j.    Failed to see the Jimmi Marshall's vehicle; or

k.    Was otherwise negligent.

13.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendants, plaintiff, JIMMI MARSHALL, was injured, has endured and will in the future endure pain and suffering; has become disabled and disfigured; has suffered a loss of the enjoyment of a normal life; and has been damaged in his capacity to earn a living.

14.    Pursuant to the Illinois Code of Civil Procedure, the Affidavit of Attorney for Plaintiff is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff JIMMI MARSHALL, prays for judgment against the Defendants, UNITED PARCEL SERVICE, a corporation, by and through its agent and/or employee, JAMES GARRETT, in an amount in excess of Fifty Thousand Dollars ($50,000.00) which shall represent fair and just compensation.

Respectfully Submitted,
POWER ROGERS & SMITH, P.C.

By: _Larry R Rogers_

Larry R. Rogers
70 West Madison Street
Suite 5500
Chicago, Illinois 60602
312/ 236-9381
Attorney ID: 31444

312/ 236-9381;  Attorney ID: 31444

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JIMMI MARSHALL;

                              Plaintiff,

      v.

                                NO.

JAMES GARRETT, Individually and as Agent of
OVERNITE TRANSPORTATION COMPANY
and as agent of UNITED PARCEL SERVICE;
OVERNITE TRANSPORTATION COMPANY, a         JURY DEMAND
corporation; and
UNITED PARCEL SERVICE, a corporation,

                        Defendants.

## AFFIDAVIT

NOW comes Affiant, LARRY ROGERS, being first duly sworn on oath, deposes and states:

1.     That I am one of the attorneys representing JIMMI MARSHALL;

2.     That I am familiar with the facts in the above cause.

3.     That I have reviewed the available information relating to the money damages in the

above matter.

4.     That based upon information and belief, the total money damages sought in the above

cause are worth in excess of Fifty Thousand Dollars ($50,000.00).

FURTHER, Affiant sayeth not.

                                  _____
                                  Larry R. Rogers

SUBSCRIBED AND SWORN to before
me this 19th day of January, 2006.

_____
Notary Public

**"OFFICIAL SEAL"**
April D. Mathis
Notary Public, State of Illinois
My Commission Expires Apr. 6, 2006

POWER ROGERS & SMITH P.C.
Larry R. Rogers
Attorney for Plaintiffs
70 West Madison Street
Chicago, Illinois 60602

TJR:kas                         File #55053-8                         #37574

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JIMMI MARSHALL,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )    No.    06 L 647
                                         )
JAMES GARRETT, Individually and as Agent )
of OVERNITE TRANSPORTATION               )
COMPANY and as agent of UNITED PARCEL    )
SERVICE; OVERNITE TRANSPORTATION         )
COMPANY, a corporation; and UNITED       )
PARCEL SERVICE, a corporation,           )
                                         )
                Defendants.              )

**DEFENDANT, JAMES GARRETT and OVERNITE TRANSPORATION CO.'S**
**ANSWER TO COMPLAINT**

**COUNT I**

NOW COMES Defendant, OVERNITE TRANSPORTATION COMPANY, a Virginia

Corporation, by and through its attorneys, TIMOTHY J. REED and MENGES & MOLZAHN,

LLC, and in Answer to the Complaint filed herein and against it, answers as follows:

1.      This answering Defendant admits the allegations in paragraph 1.

2.      This answering Defendant admits the allegations in paragraph 2.

3.      This answering Defendant admits the allegations in paragraph 3.

4.      This answering Defendant admits the allegations in paragraph 4.

5.      This answering Defendant admits the allegations in paragraph 5.

6.      This answering Defendant admits that at all relevant times, Defendant, James

Garrett, was an employee of Overnite Transportation Company.



EXHIBIT
B

Doc:304668_1

7.    This answering Defendant admits that at all relevant times, Defendant, James Garrett, was acting within the scope and authority of his employment with Overnite Transportation Company.

8.    This answering Defendant admits that at all relevant times, it held out Defendant, James Garrett, as its employee.

9.    This answering Defendant admits the allegations in paragraph 9.

10.    This answering Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 10 and therefore, neither admits nor denies the same, but demands strict proof thereof.

11.    This answering Defendant admits that a contact occurred between the vehicle being operated by its employee James Garrett, and another vehicle at said time and place; further answering, this Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 11 and therefore neither admits nor denies the same, but demands strict proof thereof.

12.    This answering Defendant denies the allegations in paragraph 12 and each and every alphabetical sub-paragraphs therein, (a) through (k) inclusive.

13.    This answering Defendant denies the allegations in paragraph 13.

14.    This answering Defendant neither admits nor denies as there are no allegations contained in paragraph 14; further answering, Exhibit A speaks for itself.

WHEREFORE, Defendant, OVERNITE TRANSPORTATION COMPANY, a Virginia Corporation, denies that the Plaintiff, JIMMY MARSHALL, is entitled to a judgment as against it, in any amount whatsoever.

## COUNT II

NOW COMES Defendant, JAMES GARRETT, by and through its attorneys, TIMOTHY J. REED and MENGES & MOLZAHN, LLC, and in Answer to the Complaint filed herein and against it, answers as follows:

1.      This answering Defendant admits the allegations in paragraph 1.

2.      This answering Defendant admits the allegations in paragraph 2.

3.      This answering Defendant admits the allegations in paragraph 3.

4.      This answering Defendant admits the allegations in paragraph 4.

5.      This answering Defendant admits the allegations in paragraph 5.

6.      This answering Defendant admits that at all relevant times, Defendant, James Garrett, was an employee of Overnite Transportation Company.

7.      This answering Defendant admits that at all relevant times, Defendant, James Garrett, was acting within the scope and authority of his employment with Overnite Transportation Company.

8.      This answering Defendant admits that at all relevant times, it held out Defendant, James Garrett, as its employee.

9.      This answering Defendant admits the allegations in paragraph 9.

10.     This answering Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 10 and therefore, neither admits nor denies the same, but demands strict proof thereof.

11.     This answering Defendant admits that a contact occurred between the vehicle being operated by its employee James Garrett, and another vehicle at said time and place; further answering, this Defendant has insufficient knowledge to form a belief as to the truth or falsity of

the allegations in paragraph 11 and therefore neither admits nor denies the same, but demands strict proof thereof.

12. This answering Defendant denies the allegations in paragraph 12 and each and every alphabetical sub-paragraphs therein, (a) through (k) inclusive.

13. This answering Defendant denies the allegations in paragraph 13.

14. This answering Defendant neither admits nor denies as there are no allegations contained in paragraph 14; further answering, Exhibit A speaks for itself.

## COUNT III

As the allegations in Count III are not directed to these answering Defendants, and no relief is sought therein against them, they make no response thereto.

Respectfully submitted,

By: _____

Timothy J. Reed, Attorney for Defendant, James Garrett and Overnite Transportation Co.

Timothy J. Reed
MENGES & MOLZAHN, LLC
20 N. Clark Street, Suite 2300
Chicago, IL 60602
Ph: (312) 917-1880
Fx: (312) 917-1851

Doc:304668_1

## AFFIDAVIT OF INSUFFICIENT KNOWLEDGE

STATE OF ILLINOIS     )
                       ) SS.
COUNTY OF COOK     )

      Timothy J. Reed, Esq., being first duly sworn on oath, deposes and states that he is an

attorney with the law firm of MENGES & MOLZAHN, L.L.C., attorneys of record for

Defendants, JAMES GARRETT and OVERNITE TRANSPORTATION, INC., herein, and is

authorized to make this Affidavit on their behalf, that as to matters wherein it is alleged in the

foregoing Answer that Defendants, JAMES GARRETT and OVERNITE TRANSPORTATION,

CO., has no knowledge sufficient to form a belief, such allegations of want of knowledge are

true.

                                             *Tim J Reed*
                                      Timothy J. Reed, Esq.

Subscribed and sworn to before
me this 24th day of **February, 2006.**

*Melissa C. Lemons*
Notary Public

> OFFICIAL SEAL
> MELISSA C LEMONS
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:06/23/09

Doc:304733_1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MARISSA LINGAFELTER, individually and as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., deceased | ) ) ) ) |
| Plaintiff | ) ) |
| vs. | ) ) No. 06 L 001810 |
| OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, ILLINOIS STATE TOLL TOLL HIGHWAY AUTHORITY, UNITED PARCEL SERVICE INC., UNITED PARCEL SERVICE CO. | ) ) ) ) ) |
| Defendants | ) |

## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant, Illinois State Toll Highway Authority, (Tollway) by and through its attorney, Lisa Madigan, Attorney General, for its Answer to the Complaint, and for Counterclaims states as follows:

## ANSWER

### COUNTS I. II. IV, and V

Defendant Tollway makes no answer to Counts I. II. IV, and V, inclusive of the Complaint at Law for reason that the allegations set forth therein are not directed to the Tollway.

### COUNT III-SURVIVAL

1.    Defendant admits the facts alleged.

2.    Defendant admits the facts alleged.

3.    Defendant admits the facts alleged.

X:\wp\work\Litigation\Lingafelter\Answer and cc.doc

4.    Defendant admits the facts alleged.

5.    Defendant admits the facts alleged.

6.    Defendant denies the allegations set for in paragraph 6 and sub-paragraphs a. through d. inclusive.

7.    Defendant denies that it was guilty of any negligence, denies that any act or omission on its part caused the death and denies the legal conclusion that its negligence was the proximate cause of the injuries and death of Lewis Lingafelter, Jr.

8.    Defendant admits that the collision resulted in injuries and death to Lewis Lingafelter, Jr.. Defendant denies that the decedent incurred medical or funeral expenses. Defendant denies that the decedent experienced pain and suffering.

9.    Defendant has insufficient knowledge of the facts alleged and therefore is unable to determine their truth and neither admits nor denies them.

10.    Defendant only admits that a Survival Statute exists. Other than as admitted, defendant denies the allegations set forth in paragraph 10.


        WHEREFORE, the ILLINOIS STATE TOLL HIGHWAY AUTHORITY moves for the entry of judgment in its favor and against the plaintiff.


COUNT VI-WRONGUL DEATH.

1.    Defendant admits the facts alleged.


X:\wp\work\Litigation\Lingafelter\Answer and cc.doc

2.      Defendant admits the facts alleged.

3.      Defendant admits the facts alleged.

4.      Defendant admits the facts alleged.

5.      Defendant admits the facts alleged.

6.      Defendant denies the allegations set for in paragraph 6 and sub-paragraphs a. through d. inclusive.

7.      Defendant denies that it was guilty of any negligence, denies that any act or omission on its part caused the death and denies the legal conclusion that its negligence was the proximate cause of the injuries and death of Lewis Lingafelter, Jr.

8.      Defendant admits that the collision resulted in injuries and death to Lewis Lingafelter, Jr.. As to the remaining allegations, defendant has insufficient knowledge of the facts alleged and therefore is unable to determine their truth and neither admits nor denies them.

9.      Defendant has insufficient knowledge of the facts alleged and therefore is unable to determine their truth and neither admits nor denies them.

10.     Defendant has insufficient knowledge of the facts alleged and therefore is unable to determine their truth and neither admits nor denies them.


        WHEREFORE, the ILLINOIS STATE TOLL HIGHWAY AUTHORITY moves for the entry of judgment in its favor and against the plaintiff.

## AFFIRMATIVE DEFENSES

NOW COMES the defendant ILLINOIS STATE TOLL HIGHWAY AUTHORITY (Tollway) by and through its attorney, Lisa Madigan , Attorney General of the State of Illinois, and for its affirmative defenses to Plaintiff's Complaint at Law, states as follows:

## FIRST AFFIRMATIVE DEFENSE

1.      That at the time and place alleged in Complaint, defendants OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO. individually and/or by agent and employee were operating a vehicle southbound and did collide with the vehicle owned and operated by the Tollway, through its employee, Jimmy L. Marshall causing the Tollway's vehicle to be pushed into the decedent, Lewis Lingafelter, Jr. who was then and there working upon the roadway.

2.      That said collision and the injuries and damages alleged by the plaintiffs herein, were proximately caused by the careless and negligent acts and or omissions of the Defendants OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO which are more fully set forth in paragraph 8 of Count I. the Plaintiff's Complaint, and incorporated by reference herein.

3.      At the time of the occurrence alleged there was in full force and effect a certain statute known as 735 ILCS 5/2-1117, which provided as follows:

> Except as provided in §2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than twenty-five percent of the total fault

X:\wp\work\Litigation\Lingafelter\Answer and cc.doc

attributable to the plaintiff, the defendants sued by the plaintiff and any third party defendant, who could have been sued by the plaintiff, shall be severally liable for all of the damages. Any defendant whose fault, as determined by the trier of fact, is twenty-five percent or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff and any third party defendants who could have been sued by the plaintiff shall be jointly and severally liable for all other damages.

4.      In the event that the Tollway is found liable for damages allegedly sustained by the plaintiff, which liability the Tollway completely denies, and fault on behalf of the Tollway constitutes less than twenty-five percent of the total fault attributable to the defendants sued by the Plaintiffs and/or any third party defendant who could have been sued by the Plaintiffs, this Defendant shall only be severally liable for it pro rata share of the damages, as provided by 735 ILCS 5/2-1117.

WHEREFORE, this Defendant, the ILLINOIS STATE TOLL HIGHWAY AUTHORITY, prays that if a judgment is entered against it and in favor of any of the Plaintiffs, liability for which it denies, that said judgment be limited to the damages permitted by 735 ILCS 5/2-1117.

## SECOND AFFIRMATIVE DEFENSE

1.      That at the time and place alleged in Complaint, defendants OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO. individually and/or by agent and employee were operating a vehicle southbound and did collide with the vehicle owned and operated by the Tollway, through its employee, Jimmy L. Marshall causing the Tollway's vehicle to be pushed into the decedent, Lewis Lingafelter, Jr. who was then and there working upon the roadway.

2.      That said collision and the injuries and damages alleged by the plaintiffs herein, were proximately caused by the careless and negligent acts and or omissions of the Defendants

X:\wp\work\Litigation\Lingafelter\Answer and cc.doc

OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO which are more fully set forth in paragraph 8 of Count I. the Plaintiff's Complaint, and incorporated by reference herein.

3.      The Tollway, has filed its Answer to Plaintiffs' Complaint, wherein it denies any liability for the Plaintiffs' alleged injuries and death.

4.      That the sole proximate cause of the collision resulting in the injuries and death of plaintiff's decedent, Lewis Lingafelter, Jr. was one or more of the negligent and careless acts and/or omissions alleged in paragraph 8 of Count I. of Plaintiff's Complaint at Law.

WHEREFORE, the Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY prays that judgment be entered in its favor and that the Plaintiffs and each of them be barred from recovery of any sums against it.

## COUNTERCLAIMS

Now Comes the defendant ILLINOIS STATE TOLL HIGHWAY AUTHORITY, (Tollway) by and through its attorney, Lisa Madigan, Attorney General of the State of Illinois, and for its Counterclaims against defendants OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO, states as follows:

### COUNTERCLAIM FOR CONTRIBUTION

1.      That at the time and place alleged in Complaint, defendants OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO. individually and/or by agent and employee were operating a vehicle southbound and did collide with the vehicle owned and operated by the

Tollway, through its employee, Jimmy L. Marshall causing the Tollway's vehicle to be pushed into the decedent, Lewis Lingafelter, Jr. who was then and there working upon the roadway.

2.      That said collision and the injuries and damages alleged by the plaintiffs herein, were proximately caused by the careless and negligent acts and or omissions of the Defendants OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO which are more fully set forth in paragraph 8 of Count I. the Plaintiff's Complaint, and incorporated by reference herein.

3.      Counter Plaintiff, the TOLLWAY, has filed its Answer to Plaintiffs' Complaint, wherein it denies liability to the Plaintiff.

4.      At all times relevant herein, there was in full force and effect within this jurisdiction , the Joint Tortfeasor Contribution Act, (740 ILCS 1000/.01 et seq.), the provisions of which provide the basis for this Counterclaim as against Counter Defendants OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO.

5.      That if the finder of fact in this case determines that Counter Plaintiff, the TOLLWAY is liable in any degree to any or all of the plaintiffs, then the TOLLWAY will be entitled to a determination of the degree of fault attributable to it, and will be entitled to a judgment as against the Counter Defendants OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO., for any amount it shall pay plaintiff over and above its pro rata share of the common liability.

        WHEREFORE, the Defendant/Counter Plaintiff, the ILLINOIS STATE TOLL HIGHWAY AUTHORITY, prays that if a judgment or judgments is/are entered against it, that a judgment or judgments be entered in its favor and against the Defendant/Counter Defendants, OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO, as contribution for their pro rata share of the common liability, to the fullest extent as provided by law.

## COUNTERCLAIM FOR DAMAGE TO PROPERTY

1.    That at the time and place alleged in Complaint, defendants OVERNITE
TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC.,
and UNITED PARCEL SERVICE CO. individually and/or by agent and employee were
operating a vehicle southbound and did collide with the rear of a 20011 International truck
owned and operated by the Tollway, through its employee, Jimmy L. Marshall causing the
Tollway's vehicle to be damaged.

2.    That at the time and place of said collision the Tollway's truck, along with other such
vehicles was involved in ongoing maintenance work upon the highway, and it and the other
vehicles had numerous caution lighting activated as well as arrow boards directing through
traffic away from the two right lanes.

3.    That Counter defendants OVERNITE TRANSPORTATION COMPANY, JAMES
GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO.
individually and/or by agent and employee did then and there commit one or more of the
following negligent acts and/or omissions:

    a.    failed to keep their tractor-trailer under proper control.

    b.    in violation of 625 ILCS 5/11-601 failed to decrease their speed as was necessary
to avoid colliding with the Tollway's maintenance vehicle.

    c.    failed to obey the directional arrows displayed on the maintenance vehicles
directing traffic to the left.

    d.    failed to maintain a reasonable and proper lookout for other vehicles, including
the Tollway's maintenance truck,  then and there upon the roadway.

    e.    failed to decrease his speed in a construction zone in violation of 625 ILCS 5/11-
908.

    f.    failed to yield the right of way to an authorized maintenance vehicle engaged in
work upon the highway within a work zone in violation of 625 ILCS 5/11-908,

4.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions, Counter Plaintiff's 2001 International truck and its appurtenances, were severely damaged, and said damages exceeded their value.

WHEREFORE, the Defendant/Counter Plaintiff, the ILLINOIS STATE TOLL HIGHWAY AUTHORITY, prays for the entry of judgment in its favor and against the Counter Defendants OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, UNITED PARCEL SERVICE INC., and UNITED PARCEL SERVICE CO.and each of them, in an amount that exceeds fifty thousand dollars ($50,000.00).

Respectfully submitted,
LISA MADIGAN, Attorney General
State of Illinois

By: _____
Larry R. Wikoff
Assistant Attorney General, Attorney
for defendant ILLINOIS STATE TOLL
HIGHWAY AUTHORITY

Larry R. Wikoff
Assistant Attorney General
The Illinois State Toll Highway Authority
2700 Ogden Avenue
Downers Grove, Illinois  60515
(630) 241-6800, Ext. 1505
Attorney No. 33616

X:\wp\work\Litigation\Lingafelter\Answer and cc.doc

TJR                        File #55053-8/#55013-8                    #37574

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JIMMI MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.    06 L 647 |
| | ) | |
| JAMES GARRETT, Individually and as Agent | ) | |
| of OVERNITE TRANSPORTATION | ) | |
| COMPANY and as agent of UNITED PARCEL | ) | |
| SERVICE; OVERNITE TRANSPORTATION | ) | |
| COMPANY, a corporation; and UNITED | ) | |
| PARCEL SERVICE, a corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| MARISSA LINGAFELTER, Individually, and as | ) | |
| Special Administrator of the Estate of LEWIS | ) | |
| LINGAFELTER, JR., Deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.    06 L 001810 |
| | ) | |
| OVERNITE TRANSPORTATION COMPANY, | ) | |
| JAMES GARRETT, ILLINOIS STATE TOLL | ) | |
| HIGHWAY AUTHORITY, UNITED PARCEL | ) | |
| SERVICE, INC., UNITED PARCEL SERVICE | ) | |
| CO., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter coming to be heard on motion of Defendants, JAMES GARRETT and

OVERNITE TRANSPORTATION CO., due notice having been given and the Court

being fully advised in the premises;

IT IS HEREBY ORDERED: That Defendants' motion requesting entry of an

order consolidating Cause No. 06 L 001810 and Cause No. 06 L 647 with the

307513_1.DOC

consolidated matter to proceed under Cause No. 06 L 647 pursuant to Section 5/2-1002

of the Illinois Code of Civil Procedure for the purposes of discovery and trial is hereby

granted. *IT IS FURTHER ORDERED: that the CMC in 06 L 1810 ret for 6-13-06 is stricken; CMC for 06 L 647 and 06 L 1810 set 5-16-06 before JUDGE ZWICK to stand for and proceed.*

ENTER: _____

Judge

Dated: _____   **Judge Thomas L. Hogan**

APR 2 6 2006

**Circuit Court - 1739**

Timothy J. Reed
MENGES & MOLZAHN, LLC
303 West Madison Street, Suite 1700
Chicago, IL 60606
Phone: (312) 917-1880
Fax: (312) 917-1851
Attorney No. 37574

307513_1.DOC

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE COUNTY OF COOK**

| | | |
|---|---|---|
| MARISSA LINGAFELTER, Individually, and as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., Deceased | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No: 06-L-001810 |
| OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, UNITED PARCEL SERVICE INC., UNITED PARCEL SERVICE CO. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, MARISSA LINGAFELTER, Individually, and as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., Deceased, by her attorneys, DORRIS LAW FIRM, PC, complaining of the Defendants, OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, UNITED PARCEL SERVICE, INC., and UNITED PARCEL SERVICE CO., hypothetically, and in the alternative, as follows:

**Count I**

**OVERNITE TRANSPORTATION COMPANY and JAMES GARRETT-SURVIVAL**

Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., deceased, by her attorneys, DORRIS LAW FIRM, PC, complaining of the Defendants, OVERNITE TRANSPORTATION COMPANY and JAMES GARRETT, alleges:

1.    On December 6, 2005, at approximately 1:47 a.m., Plaintiff's decedent, LEWIS LINGAFELTER, JR., was working in the right-hand southbound lanes of I-294 in Proviso Township, Cook County, Illinois near milepost 32.7.

2. Plaintiff's decedent, LEWIS LINGAFELTER, JR., was engaged in work upon a highway by performing road maintenance and checking the reflectivity of reflectors on the roadway.

3. At said time and place, Defendant, JAMES GARRETT, was operating a 1999 International tractor-trailer southbound on I-294 near milepost 32.7.

4. At all times relevant hereto, Defendant, JAMES GARRETT, was an employee or agent of OVERNITE TRANSPORTATION COMPANY.

5. At said time and place there was in place an officially placed maintenance vehicle directing the movement of southbound traffic on I-294 to the left away from the maintenance taking place in the right lanes.

6. At said time and place, Defendant, JAMES GARRETT, drove his motor vehicle, a 1999 International tractor-trailer into the rear end of the maintenance vehicle which caused the maintenance vehicle to be pushed into LEWIS LINGAFELTER, JR., striking and killing him.

7. Plaintiff's decedent, LEWIS LINGAFELTER, JR., died on December 6, 2005.

8. Defendants, OVERNITE TRANSPORTATION COMPANY and JAMES GARRETT, committed one or more of the following negligent acts or omissions:

     a. failed to keep the tractor-trailor under proper control;

     b. in violation of 625 ILCS 5/11-601 failed to decrease his speed as was necessary to avoid colliding with the maintenance vehicle;

     c. failed to operate his motor vehicle at a speed which was reasonably proper with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

     d. failed to obey the directional arrows displayed on the maintenance vehicles directing the traffic to the left;

     e. failed to decrease his speed in a construction zone in violation of 625 ILCS 5/11-908;

     f. failed to yield to the maintenance vehicle;

g.    at a time when construction vehicles and workers were present in traffic lanes on a highway having at least 4 lanes with not less than 2 lanes proceeding in the same direction, failed to change lanes into a lane not adjacent to that of the workers present in violation of 625 ILCS 5/11-908;

h.    failed to yield to the right of way to an authorized construction vehicle and pedestrian actually engaged in work upon the highway within a construction area or zone in violation of 625 ILCS 5/11-908;

i.    failed to yield to the right of way to an authorized maintenance vehicle that was obviously and actually engaged in work upon a highway while said vehicle was displaying flashing lights as provided in 625 ILCS 5/12-215, all in violation of 625 ILCS 5/11-908;

j.    Failed to obey warning signs in violation of 430 ILCS 105/3.

9.    The negligence of the Defendants, OVERNITE TRANSPORTATION COMPANY, and JAMES GARRETT, was the proximate cause of LEWIS LINGAFELTER JR.'S injuries and death.

10.    As a proximate result of the collision, plaintiff sustained injuries which resulted in his death and he incurred medical and funeral expenses and prior to his death he suffered pain and suffering.

11.    On February 14, 2006, the Circuit Court of Piatt County appointed Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., deceased.

12.    This action is being brought under the provisions of the Illinois Survival Statute for the damages that LEWIS LINGAFELTER, JR., suffered before his death that resulted from the negligence of the Defendant.

WHEREFORE, Plaintiff, MARISSA LINGAFELTER, as the special administrator of the estate of LEWIS LINGAFELTER, JR., requests damages against Defendant, OVERNITE

3

TRANSPORTATION COMPANY, and JAMES GARRETT, in a sum greater than Fifty Thousand Dollars ($50,000.00), and costs of suit and demands a trial by jury.

## Count II

## JAMES GARRETT, UNITED PARCEL SERVICE, INC., UNITED PARCEL SERVICE CO.-

## SURVIVAL

Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., Deceased, by her attorneys, DORRIS LAW FIRM, complaining of the Defendants, JAMES GARRETT, UNITED PARCEL SERVICE, INC., and UNITED PARCEL SERVICE, CO., alleges:

1.    On December 6, 2005, at approximately 1:47 a.m., Plaintiff's decedent, LEWIS LINGAFELTER, JR., was working in the right-hand southbound lanes of I-294 in Proviso Township, Cook County, Illinois near milepost 32.7.

2.    Plaintiff's decedent, LEWIS LINGAFELTER, JR., was engaged in work upon a highway by performing road maintenance and checking the reflectivity of reflectors on the roadway.

3.    At said time and place, Defendant, JAMES GARRETT, was operating a 1999 International tractor-trailer southbound on I-294 near milepost 32.7.

4.    At all times relevant hereto, defendant, JAMES GARRETT, was an employee or agent of UNITED PARCEL SERVICE, INC., and/or UNITED PARCEL SERVICE, CO.

5.    At said time and place there was an officially placed maintenance vehicle directing the movement of southbound traffic on I-294 to the left away from the maintenance taking place in the right lanes.

6.     At said time and place, Defendant, JAMES GARRETT, drove his motor vehicle, a 1999 International tractor-trailer into the rear end of the maintenance vehicle which caused the maintenance vehicle to be pushed into LEWIS LINGAFELTER, JR., striking and killing him.

7.     Plaintiff's decedent, LEWIS LINGAFELTER, JR., died on December 6, 2005.

8.     Defendants, JAMES GARRETT, UNITED PARCEL SERVICE, INC., and UNITED PARCEL SERVICE, CO. committed one or more of the following negligent acts or omissions:

a.     failed to keep the tractor-trailer under proper control;

b.     in violation of 625 ILCS 5/11-601 failed to decrease his speed as was necessary to avoid colliding with the maintenance vehicle;

c.     failed to operate his tractor-trailor at a speed which was reasonably proper with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601.

d.     failed to obey the directional arrows displayed on the maintenance vehicles directing the traffic to the left

e.     failed to decrease his speed in a construction zone in violation of 625 ILCS 5/11-908;

f.     failed to yield to the maintenance vehicle;

g.     at a time when construction vehicles and workers were present in traffic lanes on a highway having at least 4 lanes with not less than 2 lanes proceeding in the same direction, failed to change lanes into a lane not adjacent to that of the workers present in violation of 625 ILCS 5/11-908;

h.     failed to yield to the right of way to an authorized construction vehicle and pedestrian actually engaged in work upon the highway within a construction area or zone in violation of 625 ILCS 5/11-908;

i.     failed to yield to the right of way to an authorized maintenance vehicle that was obviously and actually engaged in work upon a highway while said vehicle was displaying flashing lights as provided in 625 ILCS 5/12-215, all in violation of 625 ILCS 5/11-908;

j.     failed to obey warning signs in violation of 430 ILCS 105/3.

5

9.      The negligence of the Defendants, JAMES GARRETT, UNITED PARCEL SERVICE INC. and UNITED PARCEL SERVICE CO., was the proximate cause of LEWIS LINGAFELTER'S injuries and death.

10.      As a proximate result of the collision, plaintiff sustained injuries which resulted in his death and he incurred medical and funeral expenses and prior to his death he suffered pain and suffering.

11.      On February 14, 2006, the Circuit Court of Piatt County appointed Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., deceased.

12.      This action is being brought under the provisions of the Illinois Survival Statute for the damages that LEWIS LINGAFELTER, JR.,  suffered before his death that resulted from the negligence of the Defendant.

WHEREFORE, Plaintiff, MARISSA LINGAFELTER, as the special administrator of the estate of LEWIS LINGAFELTER, JR., deceased, requests damages against Defendant, JAMES GARRETT, UNITED PARCEL SERVICE INC. and UNITED PARCEL SERVICE CO., in a sum greater than Fifty Thousand Dollars ($50,000.00), and costs of suit and demands a trial by jury.

### Count III

### ILLINOIS STATE TOLL HIGHWAY AUTHORITY - SURVIVAL

Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., Deceased, by her attorneys, DORRIS LAW FIRM, complaining of the Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, alleges:

1.      On December 6, 2005, at approximately 1:47 a.m., Plaintiff's decedent, LEWIS LINGAFELTER, JR., was in the right-hand southbound lanes of I-294 in Proviso Township, Cook County, Illinois near milepost 32.7.

2.     Plaintiff, LEWIS LINGAFELTER, JR., was engaged in work upon a highway by performing road maintenance and checking the reflectivity of reflectors on the highway.

3.     At said time and place, an agent or employee of the Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, was operating an International 4400 southbound on I-294 near milepost 32.7.

4.     At said time and place, Defendant, JAMES GARRETT, drove his motor vehicle, a 1999 International tractor-trailer into the rear end of the vehicle driven by an agent or employee of the Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, which caused the vehicle owned by the ILLINOIS STATE TOLL HIGHWAY AUTHORITY, to be pushed into LEWIS LINGAFELTER, JR., striking and killing him.

5.     Plaintiff's decedent, LEWIS LINGAFELTER, JR., died on December 6, 2005.

6.     The Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, by its agents or employees committed one or more of the following negligent acts or omissions:

      a.   drove their vehicle too close to the maintenance workers on the roadway;

      b.   failed to provide appropriate protection to the plaintiff;

      c.   failed to adjust the setup of vehicles in light of prior accidents;

      d.   otherwise failed to operate their vehicle in a safe manner.

7.     The negligence of the Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, was the proximate cause of LEWIS LINGAFELTER JR.'S injuries and death.

8.     As a proximate result of the collision, plaintiff sustained injuries which resulted in his death and he incurred medical and funeral expenses and prior to his death he suffered pain and suffering.

9.      On February 14, 2006, the Circuit Court of Piatt County appointed Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., deceased.

10.     This action is being brought under the provisions of the Illinois Survival Statute for the damages that LEWIS LINGAFELTER, JR., suffered before his death that resulted from the negligence of the Defendant.

WHEREFORE, Plaintiff, MARISSA LINGAFELTER, as the special administrator of the estate of LEWIS LINGAFELTER, JR., requests damages against Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, in a sum greater than Fifty Thousand Dollars ($50,000.00), and costs of suit and demands a trial by jury.

## Count IV

## OVERNITE TRANSPORTATION COMPANY AND JAMES GARRETT-WRONGFUL DEATH

Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., deceased, by her attorneys, DORRIS LAW FIRM, PC, complaining of the Defendants, OVERNITE TRANSPORTATION COMPANY, and JAMES GARRETT, alleges:

1.      On December 6, 2005, at approximately 1:47 a.m., Plaintiff, LEWIS LINGAFELTER, JR., was working in the right-hand southbound lanes of I-294 in Proviso Township, Cook County, Illinois near milepost 32.7.

2.      Plaintiff's decedent, LEWIS LINGAFELTER, JR., was engaged in work upon a highway by performing road maintenance and checking the reflectivity of reflectors on the roadway.

3.      At said time and place, Defendant, JAMES GARRETT, was operating a 1999 International tractor-trailer southbound on I-294 near milepost 32.7.

8

4.     At all times relevant hereto, Defendant, JAMES GARRETT, was an employee or agent of OVERNITE TRANSPORTATION COMPANY.

5.     At said time and place there was in place an officially placed maintenance vehicle directing the movement of southbound traffic on I-294 to the left away from the maintenance taking place in the right lanes.

6.     At said time and place, Defendant, JAMES GARRETT, drove his motor vehicle, a 1999 International tractor-trailer into the rear end of the maintenance vehicle which caused the maintenance vehicle to be pushed into LEWIS LINGAFELTER, JR., striking and killing him.

7.     Plaintiff's decedent, LEWIS LINGAFELTER, JR., died on December 6, 2005.

8.     Defendants, OVERNITE TRANSPORTATION COMPANY and JAMES GARRETT, committed one or more of the following negligent acts or omissions:

a.     failed to keep the tractor-trailor under proper control;

b.     in violation of 625 ILCS 5/11-601 failed to decrease his speed as was necessary to avoid colliding with the maintenance vehicle;

c.     failed to operate his motor vehicle at a speed which was reasonably proper with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601.

d.     failed to obey the directional arrows displayed on the maintenance vehicles directing the traffic to the left;

e.     failed to decrease his speed in a construction zone in violation of 625 ILCS 5/11-908;

f.     failed to yield to the maintenance vehicles;

g.     at a time when construction vehicles and workers were present in traffic lanes on a highway having at least 4 lanes with not less than 2 lanes proceeding in the same direction, failed to change lanes into a lane not adjacent to that of the workers present in violation of 625 ILCS 5/11-908;

h.     failed to yield to the right of way to an authorized construction vehicle and pedestrian actually engaged in work upon the highway within a construction area or zone in violation of 625 ILCS 5/11-908;

9

i.    failed to yield to the right of way to an authorized maintenance vehicle that was obviously and actually engaged in work upon a highway while said vehicle was displaying flashing lights as provided in 625 ILCS 5/12-215, all in violation of 625 ILCS 5/11-908;

j.    failed to obey warning signs in violation of 430 ILCS 105/3.

9.    The negligence of the Defendants, OVERNITE TRANSPORTATION COMPANY, and JAMES GARRETT, was the proximate cause of LEWIS LINGAFELTER JR.'S injuries and death.

10.    As a result of the death of LEWIS LINGAFELTER, JR., his estate has incurred funeral and burial expenses and has been deprived of the contributions which he would otherwise have made to his wife and next of kin, and they have suffered great losses of a personal and pecuniary nature, including the loss of his guidance, services, society, companionship, love and affection.

11.    LEWIS LINGAFELTER, JR., left surviving his wife, MARISSA LINGAFELTER, and his next of kin, the unborn child of LEWIS and MARISSA LINGAFELTER.

12.    On February 14, 2006, the Circuit Court of Piatt County appointed Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., deceased.

WHEREFORE, Plaintiff, MARISSA LINGAFELTER, as the special administrator of the Estate of LEWIS LINGAFELTER, JR., requests damages against Defendants, OVERNITE TRANSPORTATION CO. and JAMES GARRETT, in a sum greater than Fifty Thousand Dollars ($50,000.00), and costs of suit and demands a trial by jury.

### Count V

### JAMES GARRETT, UNITED PARCEL SERVICE, INC., UNITED PARCEL SERVICE CO.–

### WRONGFUL DEATH

10

Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., Deceased, by her attorneys, DORRIS LAW FIRM, complaining of the Defendant, JAMES GARRETT, UNITED PARCEL SERVICE, INC., and UNITED PARCEL SERVICE CO., alleges:

1.      On December 6, 2005, at approximately 1:47 a.m., Plaintiff, LEWIS LINGAFELTER, JR., was working in the right-hand southbound lanes of I-294 in Proviso Township, Cook County, Illinois near milepost 32.7.

2.      Plaintiff's decedent, LEWIS LINGAFELTER, JR., was engaged in work upon a highway by performing road maintenance and checking the reflectivity of reflectors on the roadway.

3.      At said time and place, Defendant, JAMES GARRETT, was operating a 1999 International tractor-trailer southbound on I-294 near milepost 32.7.

4.      At all times relevant hereto, defendant, JAMES GARRETT, was an employee or agent of UNITED PARCEL SERVICE, INC., and/or UNITED PARCEL SERVICE, CO.

5.      At said time and place there was an officially placed maintenance vehicle directing the movement of southbound traffic on I-294 to the left away from the maintenance taking place in the right lanes.

6.      At said time and place, Defendant, JAMES GARRETT, drove his motor vehicle, a 1999 International tractor-trailer into the rear end of the maintenance vehicle which caused the maintenance vehicle to be pushed into LEWIS LINGAFELTER, JR., striking and killing him.

7.      Plaintiff's decedent, LEWIS LINGAFELTER, JR., died on December 6, 2005.

8.      Defendants, JAMES GARRETT, UNITED PARCEL SERVICE, INC. and UNITED PARCEL SERVICE CO., committed one or more of the following negligent acts or omissions:

a.    failed to keep the tractor-trailer under proper control;

b.    in violation of 625 ILCS 5/11-601 failed to decrease his speed as was necessary to avoid colliding with the maintenance vehicle;

c.    failed to operate his tractor-trailor at a speed which was reasonably proper with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601.

d.    failed to obey the directional arrows displayed on the maintenance vehicles directing the traffic to the left

e.    failed to decrease his speed in a construction zone in violation of 625 ILCS 5/11-908;

f.    failed to yield to the maintenance vehicle;

g.    at a time when construction vehicles and workers were present in traffic lanes on a highway having at least 4 lanes with not less than 2 lanes proceeding in the same direction, failed to change lanes into a lane not adjacent to that of the workers present in violation of 625 ILCS 5/11-908;

h.    failed to yield to the right of way to an authorized construction vehicle and pedestrian actually engaged in work upon the highway within a construction area or zone in violation of 625 ILCS 5/11-908;

i.    failed to yield to the right of way to an authorized maintenance vehicle that was obviously and actually engaged in work upon a highway while said vehicle was displaying flashing lights as provided in 625 ILCS 5/12-215, all in violation of 625 ILCS 5/11-908;

j.    failed to obey warning signs in violation of 430 ILCS 105/3.

9.    The negligence of the Defendants, JAMES GARRETT and UNITED PARCEL SERVICE, INC. and UNITED PARCEL SERVICE CO., was the proximate cause of LEWIS LINGAFELTER, JR.'S injuries and death.

10.    As a result of the death of LEWIS LINGAFELTER, JR., his estate has incurred funeral and burial expenses and has been deprived of the contributions which he would otherwise have made to his wife and next of kin, and they have suffered great losses of a

personal and pecuniary nature, including the loss of his guidance, services, society, companionship, love and affection.

11.    LEWIS LINGAFELTER, JR., left surviving his wife, MARISSA LINGAFELTER, and his next of kin, the unborn child of LEWIS and MARISSA LINGAFELTER.

12.    On February 14, 2006, the Circuit Court of Piatt County appointed Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., deceased.

WHEREFORE, Plaintiff, MARISSA LINGAFELTER, as the special administrator of the Estate of LEWIS LINGAFELTER, JR., requests damages against Defendants, JAMES GARRETT, UNITED PARCEL SERVICE, INC. and UNITED PARCEL SERVICE CO., in a sum greater than Fifty Thousand Dollars ($50,000.00), and costs of suit and demands a trial by jury.

## Count VI
### ILLINIOIS STATE TOLL HIGHWAY AUTHORITY-WRONGFUL DEATH

Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., Deceased, by her attorneys, DORRIS LAW FIRM, complaining of the Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, alleges:

1.    On December 6, 2005, at approximately 1:47 a.m., Plaintiff, LEWIS LINGAFELTER, JR., was working in the right-hand southbound lanes of I-294 in Proviso Township, Cook County, Illinois near milepost 32.7.

2.    Plaintiff, LEWIS LINGAFELTER, JR., was engaged in work upon a highway by performing road maintenance and checking the reflectivity of reflectors on the roadway.

3.　　At said time and place, an agent or employee of Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, was operating an International 4400 southbound on I-294 near milepost 32.7.

4.　　At said time and place, Defendant, JAMES GARRETT, drove his motor vehicle, a 1999 International tractor-trailer into the rear end of the vehicle driven by an agent or employee of Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, which caused the vehicle owned by the ILLINOIS STATE TOLL HIGHWAY AUTHORITY, to be pushed into LEWIS LINGAFELTER, JR., striking and killing him.

5.　　Plaintiff's decedent, LEWIS LINGAFELTER, JR., died on December 6, 2005.

6.　　Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, by its agents or employees committed one or more of the following negligent acts or omissions:

    a.　　drove their vehicle too close to the maintenance workers on the roadway;

    b.　　failed to provide appropriate protection to the plaintiff;

    c.　　failed to adjust the setup of vehicles in light of prior accidents;

    d.　　otherwise failed to operate their vehicle in a safe manner.

7.　　The negligence of the Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, was the proximate cause of LEWIS LINGAFELTER, JR.'S, injuries and death.

8.　　As a result of the death of LEWIS LINGAFELTER, JR., his estate has incurred funeral and burial expenses and has been deprived of the contributions which he would otherwise have made to his wife and next of kin, and they have suffered great losses of a personal and pecuniary nature, including the loss of his guidance, services, society, companionship, love and affection.

9.　　LEWIS LINGAFELTER, JR., left surviving his wife, MARISSA LINGAFELTER, and his next of kin, the unborn child of LEWIS and MARISSA LINGAFELTER.

10.    On February 14, 2006, the Circuit Court of Piatt County appointed Plaintiff, MARISSA LINGAFELTER, as Special Administrator of the Estate of LEWIS LINGAFELTER, JR., deceased.

WHEREFORE, Plaintiff, MARISSA LINGAFELTER, as the special administrator of the estate of LEWIS LINGAFELTER, JR., requests damages against Defendant, ILLINOIS STATE TOLL HIGHWAY AUTHORITY, in a sum greater than Fifty Thousand Dollars ($50,000.00), and costs of suit and demands a trial by jury.

MARISSA LINGAFELTER, Individually
and as Special Administrator of the Estate of
LEWIS LINGAFELTER, JR., Deceased

BY: _David V. Dorris_

David V. Dorris, Attorney for
Plaintiffs

David V. Dorris
DORRIS LAW FIRM, P.C.
207 W. Jefferson Street, Suite 601
Bloomington, Illinois 61701
Telephone:  (309) 820-9174

55053-P

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION    **Received**

JIMMI MARSHALL;

                      **Plaintiff,**

    v.

JAMES GARRETT, Individually and as Agent of
OVERNITE TRANSPORTATION COMPANY
and as agent of UNITED PARCEL SERVICE;
OVERNITE TRANSPORTATION COMPANY, a
corporation; and
UNITED PARCEL SERVICE, a corporation,

                      **Defendants.**

FEB **0 3** 2006

**SOP**
UPS Corp. Legal
2006L000842
CALENDAR/ROOM C
TIME 00:00
PI Motor Vehicle

NO.

06L 647

**JURY DEMAND**

06 JAN 19 PM 4:13

CIRCUIT COURT OF COOK
C... ... ILLINOIS

### COUNT I
**(Negligence- Overnite Transportation Company)**

NOW COME the Plaintiffs, JIMMI MARSHALL, by and through his attorneys, POWER

ROGERS & SMITH, P.C., complaining of the Defendant, OVERNITE TRANSPORTATION

COMPANY, a Virginia Corporation (hereinafter OVERNITE), by and through its agent and/or

employee, JAMES GARRETT, pleading hypothetically, and in the alternative, states as follows:

    1.    On December 6, 2005, I-294 was a public highway which ran in a general north and

south direction.

    2.    On December 6, 2005, I-294 was a highway which ran through the town of Proviso

at mile marker 327, located in Cook County.

    3.    On December 6, 2005, OVERNITE was a Virginia corporation doing business in the

County of Cook and the State of Illinois.

    4.    On December 6, 2005, JAMES GARRETT, operated, maintained, managed and



EXHIBIT
**A**

controlled a 1999 International truck bearing Oklahoma license plate number 1NJU504.

5.     On December 6, 2005, the aforesaid 1999 International truck  was owned by OVERNITE.

6.     On December 6, 2005 and at all times material, Defendant, JAMES GARRETT, was an agent and/or employee of OVERNITE.

7.     On December 6, 2005 and at all times material, JAMES GARRETT, was acting within the scope and authority of his agency and/or employment relationship with OVERNITE.

8.     On December 6, 2005 and at all times material, OVERNITE held out JAMES GARRETT as its agent and/or employee.

9.     At the aforesaid time and place, Defendant, OVERNITE, owned, operated, managed, maintained, and controlled the aforesaid International truck, by and through its duly authorized agent and employee, Defendant, JAMES GARRETT.

10.     At the aforesaid time and place, plaintiff, JIMMI MARSHALL, was an employee of Illinois Tollway Authority, operating his maintenance vehicle  at the aforesaid mile marker 327, I-294, in the town of Proviso, Cook County, Illinois.

11.     At the aforesaid time and place, Defendant, OVERNITE, by and through its duly authorized agent and employee, JAMES GARRETT , traveled southbound and struck plaintiff's maintenance vehicle, driven by JIMMI MARSHALL, at the aforesaid mile marker 327, I-294, located in the town of Proviso, Cook County, Illinois.

12.     At the aforesaid time and place, Defendant, OVERNITE, by and through its duly authorized agent and employee, JAMES GARRETT, was negligent in one or more of the following respects:

a.   Carelessly and negligently operated, managed and controlled said motor vehicle without keeping a safe and proper lookout, contrary to and in violation of 625 ILCS 5/11-503; or

b.   Carelessly and negligently operated, managed and controlled said motor vehicle at a rate of speed greater than was reasonable and proper, having regard for the traffic and the use of the highway, contrary to and in violation of 625 ILCS 5/11-601; or

c.   Carelessly and negligently operated, managed and controlled said motor vehicle by failing to give audible warning of the approach of said motor vehicle although such warning was reasonably necessary to insure the safe operation of said motor vehicle, contrary to and in violation of 625 ILCS 5/11-601; or

d.   Carelessly operated, managed and maintained said motor vehicle in such a manner as to endanger the safety of Plaintiff, in violation of 625 ILCS 5/11-601; or

e.   Carelessly and negligently failed to exercise due care, in violation of 625 ILCS 5/11-1003.1; or

f.   Failing to keep a proper lookout, in violation of 625 ILCS 5/11-503 (2001);or

j.   Failed to see the Jimmi Marshall's vehicle; or

k.   Was otherwise negligent.

13.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendants, plaintiff, JIMMI MARSHALL, was injured, has endured and will in the future endure pain and suffering; has become disabled and disfigured; has suffered a loss of the enjoyment of a normal life; and has been damaged in his capacity to earn a living.

14.   Pursuant to the Illinois Code of Civil Procedure, the Affidavit of Attorney for Plaintiff is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff JIMMI MARSHALL, prays for judgment against the Defendants, OVERNITE TRANSPORTATION COMPANY, a Virginia corporation, by and through its agent

-3-

and/or employee, JAMES GARRETT, in an amount in excess of Fifty Thousand Dollars ($50,000.00) which shall represent fair and just compensation.

## COUNT II
### (Negligence – James Garrett)

NOW COME the Plaintiffs, JIMMI MARSHALL, by and through his attorneys, POWER ROGERS & SMITH, P.C., complaining of the Defendant, JAMES GARRETT, Individually, and as agent and/or employee of OVERNITE TRANSPORTATION COMPANY, a Virginia Corporation (hereinafter OVERNITE), pleading hypothetically, and in the alternative, states as follows:

1.     On December 6, 2005, I-294 was a public highway which ran in a general north and south direction.

2.     On December 6, 2005, I-294 was a highway which ran through the town of Proviso at mile marker 327, located in Cook County.

3.     On December 6, 2005, OVERNITE was a Virginia corporation doing business in the County of Cook and the State of Illinois.

4.     On December 6, 2005, JAMES GARRETT, operated, maintained, managed and controlled a 1999 International truck bearing Oklahoma license plate number 1NJU504.

5.     On December 6, 2005, the aforesaid 1999 International truck  was owned by OVERNITE.

6.     On December 6, 2005, Defendant, JAMES GARRETT, was an agent and/or employee of OVERNITE.

7.     On December 6, 2005, JAMES GARRETT, was acting within the scope and authority of his agency and/or employment relationship with OVERNITE.

8.     On December 6, 2005, OVERNITE held out JAMES GARRETT as its agent and/or employee.

9.    At the aforesaid time and place, JAMES GARRETT's principal and/or employer, OVERNITE, owned, operated, managed, maintained, and controlled the aforesaid International truck.

10.    At the aforesaid time and place, plaintiff, JIMMI MARSHALL, was an employee of Illinois Tollway Authority, operating his maintenance vehicle at the aforesaid mile marker 327, I-294, in the town of Proviso, Cook County, Illinois.

11.    At the aforesaid time and place, Defendant, JAMES GARRETT, Individually and as agent and/or employee of OVERNITE, traveled southbound and struck plaintiff's maintenance vehicle, driven by JIMMI MARSHALL, at the aforesaid mile marker 327, I-294, located in the town of Proviso, Cook County, Illinois.

12.    At the aforesaid time and place, Defendant, JAMES GARRETT, Individually and as agent and/or employee of OVERNITE, was negligent in one or more of the following respects:

a.    Carelessly and negligently operated, managed and controlled said motor vehicle without keeping a safe and proper lookout, contrary to and in violation of 625 ILCS 5/11-503; or

b.    Carelessly and negligently operated, managed and controlled said motor vehicle at a rate of speed greater than was reasonable and proper, having regard for the traffic and the use of the highway, contrary to and in violation of 625 ILCS 5/11-601; or

c.    Carelessly and negligently operated, managed and controlled said motor vehicle by failing to give audible warning of the approach of said motor vehicle although such warning was reasonably necessary to insure the safe operation of said motor vehicle, contrary to and in violation of 625 ILCS 5/11-601; or

d.    Carelessly operated, managed and maintained said motor vehicle in such a manner as to endanger the safety of Plaintiff, in violation of 625 ILCS 5/11-601; or

e.    Carelessly and negligently failed to exercise due care, in violation of

-6-

625 ILCS 5/11-1003.1; or

f.    Failing to keep a proper lookout, in violation of 625 ILCS 5/11-503 (2001); or

j.    Failed to see the Jimmi Marshall's vehicle; or

k.    Was otherwise negligent.

13.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendants, plaintiff, JIMMI MARSHALL, was injured, has endured and will in the future endure pain and suffering; has become disabled and disfigured; has suffered a loss of the enjoyment of a normal life; and has been damaged in his capacity to earn a living.

14.    Pursuant to the Illinois Code of Civil Procedure, the Affidavit of Attorney for Plaintiff is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff JIMMI MARSHALL, prays for judgment against the Defendants, JAMES GARRETT, Individually and as agent and/or employee of OVERNITE TRANSPORTATION COMPANY, a Virginia corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00) which shall represent fair and just compensation.

## COUNT III
### (Negligence – United Parcel Service)

NOW COME the Plaintiffs, JIMMI MARSHALL, by and through his attorneys, POWER ROGERS & SMITH, P.C., complaining of the Defendant, UNITED PARCEL SERVICE, a Corporation (hereinafter UPS), by and through its agent and/or employee, JAMES GARRETT, pleading hypothetically, and in the alternative, states as follows:

1.  On December 6, 2005, I-294 was a public highway which ran in a general north and south direction.

2.  On December 6, 2005, I-294 was a highway which ran through the town of Proviso at mile marker 327, located in Cook County.

3.  On December 6, 2005, UPS was a corporation doing business in the County of Cook and the State of Illinois.

4.  On December 6, 2005, JAMES GARRETT, operated, maintained, managed and controlled a 1999 International truck bearing Oklahoma license plate number 1NJU504.

5.  On December 6, 2005, the aforesaid 1999 International truck was owned by OVERNITE.

6.  On December 6, 2005 and at all times material, Defendant, JAMES GARRETT, was an agent and/or employee of UPS.

7.  On December 6, 2005 and at all times material, JAMES GARRETT, was acting within the scope and authority of his agency and/or employment relationship with UPS.

8.  On December 6, 2005 and at all times material, UPS held out JAMES GARRETT as its agent and/or employee.

9.  At the aforesaid time and place, Defendant, UPS, owned, operated, managed,

-8-

maintained, and controlled the aforesaid International truck, by and through its duly authorized agent and employee, Defendant, JAMES GARRETT.

10.    At the aforesaid time and place, plaintiff, JIMMI MARSHALL, was an employee of Illinois Tollway Authority, operating his maintenance vehicle at the aforesaid mile marker 327, I-294, in the town of Proviso, Cook County, Illinois.

11.    At the aforesaid time and place, Defendant, UPS, by and through its duly authorized agent and employee, JAMES GARRETT , traveled southbound and struck plaintiff's maintenance vehicle, driven by JIMMI MARSHALL, at the aforesaid mile marker 327, I-294, located in the town of Proviso, Cook County, Illinois.

12.    At the aforesaid time and place, Defendant, UPS, by and through its duly authorized agent and employee, JAMES GARRETT, was negligent in one or more of the following respects:

    a.    Carelessly and negligently operated, managed and controlled said motor vehicle without keeping a safe and proper lookout, contrary to and in violation of 625 ILCS 5/11-503; or

    b.    Carelessly and negligently operated, managed and controlled said motor vehicle at a rate of speed greater than was reasonable and proper, having regard for the traffic and the use of the highway, contrary to and in violation of 625 ILCS 5/11-601; or

    c.    Carelessly and negligently operated, managed and controlled said motor vehicle by failing to give audible warning of the approach of said motor vehicle although such warning was reasonably necessary to insure the safe operation of said motor vehicle, contrary to and in violation of 625 ILCS 5/11-601; or

    d.    Carelessly operated, managed and maintained said motor vehicle in such a manner as to endanger the safety of Plaintiff, in violation of 625 ILCS 5/11-601; or

    e.    Carelessly and negligently failed to exercise due care, in violation of 625 ILCS 5/11-1003.1; or

f.  Failing to keep a proper lookout, in violation of 625 ILCS 5/11-503 (2001);or

j.  Failed to see the Jimmi Marshall's vehicle; or

k.  Was otherwise negligent.

13.  As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendants, plaintiff, JIMMI MARSHALL, was injured, has endured and will in the future endure pain and suffering; has become disabled and disfigured; has suffered a loss of the enjoyment of a normal life; and has been damaged in his capacity to earn a living.

14.  Pursuant to the Illinois Code of Civil Procedure, the Affidavit of Attorney for Plaintiff is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff JIMMI MARSHALL, prays for judgment against the Defendants, UNITED PARCEL SERVICE, a corporation, by and through its agent and/or employee, JAMES GARRETT, in an amount in excess of Fifty Thousand Dollars ($50,000.00) which shall represent fair and just compensation.

Respectfully Submitted,
POWER ROGERS & SMITH, P.C.

By: _Larry R. Rogers_

Larry R. Rogers
70 West Madison Street
Suite 5500
Chicago, Illinois 60602
312/ 236-9381
Attorney ID: 31444

-10-

312/ 236-9381;  Attorney ID: 31444

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JIMMI MARSHALL;

                                Plaintiff,

       v.

                                                   NO.

JAMES GARRETT, Individually and as Agent of
OVERNITE TRANSPORTATION COMPANY
and as agent of UNITED PARCEL SERVICE;
OVERNITE TRANSPORTATION COMPANY, a           JURY DEMAND
corporation; and
UNITED PARCEL SERVICE, a corporation,

                                Defendants.

**AFFIDAVIT**

NOW comes Affiant, LARRY ROGERS, being first duly sworn on oath, deposes and states:

1.       That I am one of the attorneys representing JIMMI MARSHALL;

2.       That I am familiar with the facts in the above cause.

3.       That I have reviewed the available information relating to the money damages in the

above matter.

4.       That based upon information and belief, the total money damages sought in the above

cause are worth in excess of Fifty Thousand Dollars ($50,000.00).

FURTHER, Affiant sayeth not.

                                          _____
                                          Larry R. Rogers

SUBSCRIBED AND SWORN to before
me this 19th day of January, 2006.

_____
Notary Public

> **"OFFICIAL SEAL"**
> April D. Mathis
> Notary Public, State of Illinois
> My Commission Expires Apr. 6, 2006

POWER ROGERS & SMITH P.C.
Larry R. Rogers
Attorney for Plaintiffs
70 West Madison Street
Chicago, Illinois 60602