IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LYNN GARRETT and <br> SHANNON MARIE GARRETT | ) <br> ) <br> ) | |
| **Plaintiffs,** | ) <br> ) | |
| v. | ) <br> ) <br> ) | Case No. 07 C 6882 <br><br> Judge Guzman |
| THE ILLINOIS STATE <br> TOLL HIGHWAY AUTHORITY, <br> FREDDY DICKERSON, MARIO <br> CALABRESE, PAUL EDWARD <br> GONZALEZ, JOHN BENDA, <br> DONALD J. McLENNAN, STEVEN <br> T. MUSSER, and MICHAEL ZADEL | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Magistrate Judge Cox |
| **Defendants** | ) | |

**ANSWER TO COMPLAINT AT LAW**

Now come the defendants, the ILLINOIS STATE TOLL HIGHWAY AUTHORITY, FREDDY DICKERSON, MARIO CALABRESE, PAUL EDWARD GONZALEZ, JOHN BENDA, DONALD J. McLENNAN, STEVEN T. MUSSER, and MICHAEL ZADEL, by their attorney, LISA MADIGAN, Attorney General of the State of Illinois, and LARRY R. WIKOFF and TIFFANY I. BOHN, Assistant Attorneys General, and for their Answer to the Complaint at Law filed herein, state as follows:

**COUNT I**

1.      Defendants admit that plaintiffs' Complaint at Law invokes jurisdiction under the provisions of Title 28 U.S. §1332 (a)(1).

2.	Defendants admit.

3.	Defendants admit.

4.	Defendants are without knowledge or information sufficient to form a belief as to the alleged citizenship of the plaintiffs.

5.	Defendants admit.

6.	Defendants admit.

7.	Defendants deny that James Garrett was a passenger and aver that he was the driver then and there operating and controlling a semi-tractor trailer tandem. Defendants deny that the collision took place at milepost 32.7. Other than as herein denied, Defendants admit the remaining allegations set forth in paragraph 7.

8.	Defendants admit.

9.	Defendants admit that the truck operated by Jimmi Marshall was stopped in the second lane from the right at the time that the accident occurred. Defendants deny plaintiff's characterization that Marshall's Tollway truck blocked the lane, and aver that the second lane from the right was closed to traffic for a roadway maintenance operation involving Jimmi Marshall and his truck .

10.	Defendants deny that the Tollway truck operated by Paul Edward Gonzalez was parked and left standing in the traffic lane next to the right shoulder, and aver that the lane next to the right shoulder was closed to traffic for a roadway maintenance operation involving Paul Edward Gonzalez and his truck. Other than as herein denied, Defendants admit the remaining allegations set forth in paragraph 10.

11.     Defendants deny that the Tollway truck operated by Freddy Dickerson, was parked and left standing on the right shoulder to the rear of the Tollway truck operated by Paul Edward Gonzalez, and aver that the truck operated by Freddy Dickerson was participating in a roadway maintenance operation involving Freddy Dickerson and his truck. Further answering, defendants deny that Dickerson's Tollway truck was within 25 feet of the rear of Gonzalez's Tollway truck. Other than as herein denied, Defendants admit the remaining allegations set forth in paragraph 11.

12.     Defendants admit.

13.     Defendants admit that the employment positions of John Benda, Donald J. McLennan, Steven T. Musser, and Michael Zadel were in general, supervisory to the employment positions of Jimmi Marshall, Freddy Dickerson, Mario Calabrese, and Paul Edward Gonzalez. Defendants deny that at the time and place alleged John Benda, Donald J. McLennan, Steven T. Musser or Michael Zadel were engaged in or charged with the duty to be engaged in the supervision of Jimmi Marshall, Freddy Dickerson, Mario Calabrese, and Paul Edward Gonzalez or the operation and control of their Tollway trucks.

14.     Defendants deny that John Benda, Donald J. McLennan, Steven T. Musser or Michael Zadel then and there operated and controlled the Tollway trucks involved in the accident. Other than as herein denied, Defendants admit the remaining allegations set forth in paragraph 14.

15.     Defendants deny that John Benda, Donald J. McLennan, Steven T. Musser and Michael Zadel then and there, owned, managed, or maintained any of the Tollway trucks involved in the accident and deny that any of them then and there, owed any duty arising out of the ownership, management or maintenance of said trucks. Defendants deny that any defendant other than the

Tollway owned the trucks alleged. Other than as herein denied, Defendants admit the remaining allegations set forth in paragraph 15.

16.    Defendants admit the existence of the "Manual on Uniform, Traffic Control Devices for Streets and Highways", 2003 Edition. Defendants deny that said manual provides standards for traffic control devices when there is a double lane closure of a highway such as existed on southbound I-294 at or near milepost 32.7, in Cook County, Illinois.

17.    Defendants deny.

18.    Defendants deny that the "Illinois Tollway Roadway Traffic Control and Communications Guidelines" provides procedures to be followed by maintenance personnel, and avers that it provides guidelines to be utilized during the course of construction, maintenance and utility operations performed on the Tollway. Other than as herein denied, Defendants admit the remaining allegations set forth in paragraph 18.

19.    Defendants deny paragraph 19 and sub-paragraphs a. through n. inclusive.

20.    Defendants admit that the motor vehicle operated by the plaintiff, James Lynn Garrett struck the rear of the Tollway truck thereby causing whatever injuries and damages that the plaintiff may have suffered.

Wherefore, the defendants and each of them pray the Court to dismiss plaintiffs' alleged cause of action with prejudice and for the entry of judgment in favor or the defendants and each of them and against the plaintiff, James Lynn Garrett, plus costs.

## **AFFIRMATIVE DEFENSE**

1.    At the time and place alleged, plaintiff James Lynn Garrett failed to exercise ordinary care for his own safety in one or more of the following respects:

    a.    Failed to keep his motor vehicle under proper control.

4

    b.    In violation of 625 Ill. Comp. Stat. 5/11-601 failed to decrease his speed as was necessary to avoid colliding with the Tollway's maintenance vehicle.

    c.    Failed to obey the warning lights and the directional arrow displayed on the Tollway's maintenance vehicles.

    d.    Failed to observe and the Tollway overhead message board at milepost 35 and/or failed to modify the operation of his truck in accordance with the message displayed.

    e.    Failed to maintain a reasonable and proper lookout for other vehicles, including the Tollway's maintenance vehicles, then and there upon the roadway.

    f.    Failed to yield the right of way to an authorized maintenance vehicle engaged in work upon the highway within a work zone in violation of 625 ILCS 5/11-908.

    g.    Failed to move over to the left lane to avoid entering a construction zone.

    h.    Otherwise operated his motor vehicle in a careless and negligent manner.

2.    That as a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions on the part of the plaintiff James Lynn Garrett, the motor vehicle that he operated collided with the Tollway maintenance vehicle operated by Jimmi Marshall and thereafter proceeded into and against the center concrete median wall, thereby causing any injuries or damages which plaintiff may have sustained.

3.    On the date alleged in the Complaint, there was in full force and effect a certain statute of the State of Illinois known as 735 Ill. Comp. Stat. 5/2-1116 which provided as follows:

*In all actions on account of bodily injury or death or physical damage to property, in which recovery is predicated upon fault, the contributory fault chargeable to the plaintiff shall be compared with the fault of all tortfeasors whose fault was a proximate cause of the death, injury , loss, or damage for which recovery is sought. The plaintiff shall be barred form recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery in sought. The plaintiff shall not be barred form recovering damages if the trier of fact finds*

5

*that the contributory fault on the part of the plaintiff is not more than 50%of the proximate cause of the injury or damage for which recovery is sought, but any economic or non-economic damages allowed shall be diminished in the proportion to the amount of fault attributable to the plaintiff.*

4       In the event that the defendants or any of them are found liable for damages allegedly sustained by plaintiff James Lynn Garret, which liability is denied, the contributory fault of the plaintiff, was in excess of 50% of the total fault which proximately caused his injuries and damages so as to act as a bar to the plaintiffs' recovery sought herein, or in the alternative, if such contributory fault was 50% or less of the total fault, plaintiffs' recovery should be reduced in proportion to the amount of fault attributable to plaintiff James Lynn Garrett.

**WHEREFORE**, the Defendants and each of them pray that plaintiffs be barred from recovery of any sum whatsoever as against the defendants and that judgment be entered in favor of the Defendants and against the plaintiff, or in the alternative that any judgment which may be entered against the Defendants pursuant to Plaintiffs' Complaint at Law, for which liability is expressly denied, be reduced in proportion to the amount of fault attributable to plaintiff Garrett.

## COUNTERCLAIM FOR DAMAGE TO PROPERTY

1.      That at the time and place alleged in Complaint, JAMES GARRETT, operated a semi-tractor tandem trailer owned by Overnite Transportation, nka UPS Freight southbound and did collide with the rear of a 2001 International truck owned and operated by the Tollway, through its employee, Jimmy L. Marshall causing the Tollway's vehicle to be damaged.

2.      That at the time and place of said collision the Tollway's truck, along with other such vehicles was involved in ongoing maintenance work upon the highway, and it and the other vehicles had numerous caution lighting activated as well as arrow boards directing through traffic away from the two right lanes.

3. That Counter defendant JAMES GARRETT, did then and there commit one or more of the following negligent acts and/or omissions:

   a. failed to keep his tractor-trailer under proper control.

   b. in violation of 625 ILCS 5/11-601 failed to decrease his vehicle's speed as was necessary to avoid colliding with the Tollway's maintenance vehicle.

   c. failed to obey the directional arrows displayed on the maintenance vehicles directing traffic to the left.

   d. failed to maintain a reasonable and proper lookout for other vehicles, including the Tollway's maintenance truck, then and there upon the roadway.

   e. failed to decrease the speed of his vehicle in a construction zone in violation of 625 ILCS 5/11-908.

   f. failed to yield the right of way to an authorized maintenance vehicle engaged in work upon the highway within a work zone in violation of 625 ILCS 5/11-908,

4. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions, on the part of Counter-defendant, James Lynn Garrett, Counter Plaintiff's 2001 International truck and its appurtenances, as well as various parts of the roadway itself were severely damaged.

WHEREFORE, the Defendant/Counter Plaintiff, the ILLINOIS STATE TOLL HIGHWAY AUTHORITY, prays for the entry of judgment in its favor and against the Counter Defendant JAMES GARRETT, in an amount that exceeds fifty thousand dollars ($50,000.00), plus costs.

**COUNT II**

1.-20. Defendants hereby adopt and reallege paragraphs 1 though 20 of their Answer to Count I of the Complaint at Law as paragraphs 1 through 20 of their Answer to Count II of the Complaint at Law.

21.     Defendants are without knowledge or information sufficient to form a belief as to the alleged marital status of the plaintiffs.

22.     Defendants deny.

Wherefore, the defendants and each of them pray the Court to dismiss plaintiffs' alleged cause of action with prejudice and for the entry of judgment in favor or the defendants and each of them and against the plaintiff, Shannon Marie Garrett, plus costs.

### AFFIRMATIVE DEFENSE

1.      Defendants hereby adopt and reallege paragraphs 1 through 3 of their Affirmative Defense to Count I as paragraphs 1 through 3 of their Affirmative Defense to Count II.

4       In the event that the defendants or any of them are found liable for damages allegedly sustained by plaintiff James Lynn Garret, which liability is denied, the contributory fault of James Lynn Garrett, was in excess of 50% of the total fault which proximately caused his injuries and damages so as to act as a bar to the plaintiffs' recovery sought herein, or in the alternative, if such contributory fault was 50% or less of the total fault, plaintiffs' recovery should be reduced in proportion to the amount of fault attributable to plaintiff James Lynn Garrett.

**WHEREFORE**, the Defendants and each of them pray that plaintiff Shannon Marie Garrett be barred from recovery of any sum whatsoever as against the defendants and that judgment be entered in favor of the Defendants and against the plaintiff, or in the alternative that any judgment which may be entered against the Defendants pursuant to Plaintiffs' Complaint at Law, for which liability is expressly denied , be reduced in proportion to the amount of fault attributable to plaintiff James Lynn Garrett.

LISA MADIGAN,  
Attorney General State of Illinois

Respectfully submitted,  
Illinois State Toll Highway Authority

_____  
Larry R. Wikoff,  
Assistant Attorney General  
Attorney for Defendants

Larry R. Wikoff  
2700 Ogden Avenue  
Downers Grove, IL 60515  
(630) 241-6800 x 1505  
ARDC No. 3013898