IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES LYNN GARRETT and ) <br> SHANNON MARIE GARRETT ) <br>  ) <br> **Plaintiffs,** ) <br>  ) <br> v. ) <br>  ) <br>  ) <br> THE ILLINOIS STATE ) <br> TOLL HIGHWAY AUTHORITY, ) <br> JIMMI MARSHALL, ) <br> FREDDY DICKERSON, MARIO ) <br> CALABRESE, PAUL EDWARD ) <br> GONZALEZ, JOHN BENDA, ) <br> DONALD J. McLENNAN, STEVEN ) <br> T. MUSSER, and MICHAEL ZADEL ) <br>  ) <br> **Defendants.** ) | Case No. 07 C 6882 <br><br> Judge Shadur |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

I.   INTRODUCTION

Plaintiffs, James Lynn Garrett and his wife, Shannon Marie Garrett ("the Garretts"), have filed a two-count complaint alleging that James was injured in a motor vehicle collision on December 6, 2005 at or near milepost 32.7 of southbound I-294 of the Illinois Tollway. In the second count of the Complaint, Shannon alleges that she suffered "loss of support" and "loss of society" as a result of her husband's injuries. The Garretts have brought their action pursuant to Title 28 U.S § 1332(a)(1) based upon diversity of citizenship. The Illinois State Toll Highway ("Tollway") is named as a defendant along with its employees, Jimmi Marshall, Freddy Dickerson, Mario Calabrese, Paul Edward Gonzalez, John Benda, Donald J. McLennan, Steven

T. Musser and Michael Zadel. The Tollway has admitted that each of the individual defendants was its employee.

The Garretts allege at paragraphs 9, 10, 11 and 12 of their Complaint that the defendants, Marshall, Gonzalez, Dickerson and Calabrese were operating Tollway trucks as the time of the accident. They further allege at paragraph 13, that the defendants McLennan, Musser, Zadel and Benda had a duty to make sure that defendants Marshall, Dickerson, Calabrese and Gonzalez properly operated and controlled their Tollway trucks in a safe manner.

The Garretts allege at paragraph 20 of their Complaint that James was injured when his motor vehicle struck the rear of a Tollway truck.

The accident alleged resulted in the death of Lewis Lingafelter Jr. who was an employee of Applied Research Associates (ARA) a contractor performing survey work on the Tollway. Lingafelter was on the pavement of a southbound lane ahead of the Tollway trucks operated by Tollway employees Marshall, Dickerson, Calabrese and Gonzalez. The Tollway truck operated by Jimmi Marshall was propelled forward into Lingafelter after being struck in the rear by the Overnite Transportation semi tractor-trailer operated by James Garret.

Lingafelter's widow brought suit for wrongful death as against James Garrett, his employer, Overnite Transportation Company and the Tollway in the Circuit Court of Cook County Illinois under case no. 06 L 001810, (Copy of Complaint attached and marked as Exhibit 1[1]). In that state court case defendants Garrett and Overnite and the Tollway each filed actions for contribution against each other pursuant to the Illinois Joint Tortfeasor Contribution Act (740 Ill. Comp. Stat. 100/1 *et seq.*) and the Tollway also counterclaimed against Garrett and Overnite for damages sustained by its vehicle, and the cost of repair and clean-up of the roadway (Copy of Tollway's Answer and Counterclaims, attached and marked as Exhibit 2).

---

[1] All counts for "Survival" were dismissed prior to trial. United Parcel Service was dismissed as a party prior to trial.

**II.    FACTS**

1.     The state court lawsuit entitled, <u>MARISSA LINGAFELTER, individually and as Special Administrator or the Estate of LEWIS LINGAFELTER, JR. Deceased, v. OVERNITE TRANSPORTATION COMPANY, JAMES GARRETT AND ILLINOIS STATE TOLL AUTHORITY</u>, was tried before a jury resulting in the entry of verdicts and an order of judgment entered thereon on August 26, 2008.

2.     Garrett and Overnite were represented by counsel and fully participated in the defense and trial of the state court lawsuit. Prior to trial, Garrett and Overnite admitted their negligence causing Lingafelter's death, but denied that their negligence was the sole cause.

3.     Neither Garrett and Overnite, nor the Tollway pled contributory negligence on the part of Lewis Lingafelter, Jr. as a defense in the state court lawsuit, and therefore the conduct of Lingafelter was not considered by the jury in assessing the total fault that caused the accident.

4.     A copy of the jury VERDICT FORM A as to the Lingafelter state court lawsuit is attached and marked as Exhibit 3.

5.     A copy of the jury verdict as to SPECIAL INTERROGATORY NO. 1 in the state court lawsuit is attached and marked as Exhibit 4.

6.     A copy of the jury verdict as to SPECIAL INTERROGATORY NO. 2 in the state court lawsuit is attached and marked as Exhibit 5.

7.     A copy of the VERDICT FORM B in the state court lawsuit is attached and marked as Exhibit 6.[2]

---

[2] VERDICT FORM B was completed by the court rather than the jury. This verdict was based upon the agreement of Overnite and Garrett to allow the court to enter a verdict as to the Tollway's property damage counter-claim based upon a stipulated amount of damages and using the jury's findings as to the relative degrees of fault between Overnite/Garrett and the Tollway as set forth by the jury in VERDICT FORM A.

8.  A copy of the order of judgment entered by the court upon the verdicts in the state court lawsuit is attached and marked as Exhibit 7.

## II. ARGUMENT

The Garretts' causes of action as asserted in the present lawsuit are precluded under the doctrine of Collateral Estoppel.

1.  Under <u>Erie v. Tompkins</u> principles, state law provides the rules of decision on all questions of substance. <u>Wetherill v University of Chicago</u>, 548 F. Supp 66-67 (D.C. Ill 1982. For Erie purposes collateral estoppel questions are of course matters of substance. (citations omitted). Id.

2.  Collateral estoppel applies when a party participates in two separate and consecutive cases arising from different causes of action and some controlling factor or question material to the determination of both cases has been adjudicated against the party in the former suit by a court of competent jurisdiction. (citation omitted). Utilization of collateral estoppel requires (1) that the issue be identical, (2) that there be a final judgment on the merits and (3) that the party against whom estoppel is asserted is a party or in privity with a party to the prior adjudication. (citation omitted). <u>Draper v. Truitt,</u> 250 Ill. App. 3d 654, 621 N.E.2d 202 (1st Dist. Ill 1993).

3.  In the present case, there was a final judgment entered in the Lingafelter lawsuit brought in state court and James Garrett was a party thereto. Shannon Garrett seeks to recover herein under a derivative cause of action that is dependent upon her husband's right of recovery, <u>Mitchell v. White Motor Co</u>., 58 Ill.2d 159, 162 , 317 N.E.2d 505 and she is therefore in privity with James for purposes of collateral estoppel. The present case involves the issues of whether

4

the Tollway acting through its employees, was negligent in its conduct, whether the Tollway's conduct was a proximate cause of the accident and whether James Garrett's conduct constituted more than 50% of the total negligence between the Tollway acting through its employees, and the plaintiff James Garrett. Each of these issues is identical to issues decided in the Lingafelter state court lawsuit.

4. In order for the Garretts to recover in the present action, they must prove that the Tollway acting through its employees was guilty of negligence at the time and place alleged. However this issue was adjudicated on its merits by the parties in the Lingalfelter lawsuit. The jury in the Lingafelter lawsuit determined that as between Overnite/Garrett and the Tollway that the percentage of negligence attributable to the Tollway was zero. (Exhibit 3, VERDICT FORM A).

5. In order for the Garretts to recover in the present action, Illinois modified comparative negligence law requires that James Garrett's negligence must constitute 50% or less of the fault that caused his injuries. 735 Ill. Comp. Stat. 5/2-1116. The issue of James Garrett's fault has been adjudicated on the merits by the parties in the Lingafelter lawsuit. The jury in the Lingalfelter lawsuit determined that James Garrett's conduct was the sole cause of the accident (Exhibit 4, SPECIAL INTERROGATORY NO. 1). Thus, it must be logically concluded that since James Garrett's conduct was the sole cause of the accident, his negligence must have been greater than 50% of the negligence causing his injuries. This is of course consistent with the jury's finding that Garrett's negligence was 100% as compared to the Tollway's 0%.

6. In order for the Garretts to recover in the present action, they are required to prove that the Tollway's conduct was a proximate cause of the injuries sustained by James Garrett. The Tollway can only act through its agents and employees, e.g. the individual defendants. This issue was also adjudicated on the merits by the parties in the Lingafelter lawsuit. The jury in the

5

Lingafelter lawsuit determined that the Tollway's conduct was not a proximate cause of the accident. (Exhibit 5, SPECIAL INTERROGATORY NO. 2). Since the conduct of the Tollway acting through its employees was not a proximate cause of the accident, it must be logically concluded that its conduct could not have been a proximate cause of James Garrett's injuries.

7.      In order for the Garretts to recover in the present action they are required to prove that as between the Tollway and its employees and James Garrett, that the negligence of the Tollway and its employees was at least 50% of the total negligence between them. However, this issue has also been adjudicated on the merits by the parties in the Lingafelter lawsuit. VERDICT FORM B( Exhibit 6) provides that with regard to the counterclaims for contribution between the Tollway and Garrett as well as the counterclaim for property damage brought by the Tollway against Garrett, that Garret was 100% at fault. Where a jury in a prior case found the plaintiff's host driver to be 100% liable for the accident, his insurer was estopped from relitigating the issue of the driver's liability in a subsequent uninsured motorist arbitration. Preferred America Insurance v. Dulceak, 302 Ill.App.3d 990, 706 N.E.2d 529, (Ill 1999).

8.      The policies underlying *res judicata* and collateral estoppel include, *inter alia*, certainty and finality to litigation and consistency in judgments. Sampson v. Cape Industries Limited, et al., 229 Ill.App.3d 943, 951, 593 N.E.2d 1158, (Ill 1992), citing Hammond v. North American Asbestos Corp. 207, Ill.App.3d 556,564, 152 Ill.Dec. 425,430, 565 N.E.2d 1343,1348. (Ill 1991). To allow this lawsuit to proceed would simply permit the Garretts to re-litigate the issues previously litigated to their detriment in hopes of obtaining an inconsistent result the second time around. The Garretts have already had one fair and full adjudication on the merits and it is apparent that by putting the defendants to another trial, it would burden them with additional cost, delay and uncertainty. The policies favoring finality of litigation and judicial economy will

best be served by concluding that the Garretts are collaterally estopped from relitigating the issues of negligence and proximate cause as between the Tollway and James Garrett. See Sampson v. Cape Industries Limited et al., 229 Ill.App. 3d at 951.

**CONCLUSION**

WHEREFORE**,** for the foregoing reasons, defendant ILLINOIS STATE TOLL HIGHWAY AUTHORITY, respectfully requests this honorable Court to grant summary judgment in its favor as to plaintiffs' Complaint, Counts I and II inclusive.

LISA MADIGAN,                          Respectfully submitted,
Attorney General State of Illinois          On behalf of all defendants

/s Larry R. Wikoff
Larry R. Wikoff,
Assistant Attorney General
2700 Ogden Avenue
Downers Grove, IL 60515
(630) 241-6800 x 1505
ARDC No. 3013898