```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

JAMES LYNN GARRETT, et al.,      )
                                 )
                 Plaintiffs,     )
                                 )
     v.                          )     No. 07 C 6882
                                 )
ILLINOIS STATE TOLL HIGHWAY      )
AUTHORITY, et al.,               )
                                 )
                 Defendants.     )
```

## MEMORANDUM OPINION AND ORDER

This personal injury case has been brought by James Garrett ("Garrett") and his wife Shannon against the Illinois State Toll Highway Authority ("Authority") and a group of its employees, stemming from a motor vehicle collision on southbound I-294 of the Illinois Tollway system. Authority and its employees (collectively "the Authority Defendants") have now moved for summary judgment based on Garrett's having lost as a party defendant in a state court lawsuit arising out of the same incident. For the reason stated in this memorandum opinion and order, the motion is denied as premature.

That earlier lawsuit in the Circuit Court of Cook County had been brought by the widow of James Lingafelter ("Lingafelter"), who was killed as a result of the same motor vehicle collision. Both Authority and Garrett (as well as his employer, Overnite Transportation Company ["Overnite"]) were among the defendants in that lawsuit--and most importantly for purposes of this action, the Lingafelter jury not only awarded his widow damages in excess

of $22.5 million but (1) assigned 100% of that liability and of the negligence involved to Garrett and Overnite and none to Authority and (2) answered two special interrogatories that (a) found "James Garrett's conduct the sole proximate cause of the accident" and (b) responded "No" to the question "Was the Tollway's [that is, Authority's] conduct a proximate cause of the accident?"

That verdict and those jury responses understandably triggered the current summary judgment motion by the Authority Defendants on issue preclusion grounds (for preclusion purposes Shannon Garrett is of course in privity with her husband, while Authority's employees are in privity with it). And to that end this Court looks to the Illinois law of issue preclusion--as McKnight v. Dean, 270 F.3d 513, 518 (7th Cir. 2001) has put it, citing both the statutory embodiment of the Constitution's Full Faith and Credit Clause and the seminal Supreme Court decision on the subject:

> Federal courts are required to give the same effect to a state court judgment that the state that rendered the judgment would give it. 28 U.S.C. §1738; Kremer v. Chemical Construction Corp., 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

It is on that requirement that the current motion founders. Employing the term "collateral estoppel" rather than the more precise "issue preclusion" (in that respect, see Migra v. Warren Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984)), Ballweg v.

2

City of Springfield, 114 Ill.2d 107, 113, 499 N.E.2d 1373, 1375 (1986) teaches:

> For purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted.

And that teaching has been reconfirmed as recently as last year in Garley v. Columbia LaGrange Hosp., 377 Ill.App.3d 678, 683, 881 N.E.2d 370, 374 (1st Dist. 2007).

Accordingly the current summary judgment motion is denied, but without prejudice to its reassertion if, as and when the Lingafelter judgment becomes final under Illinois law. In the meantime all discovery is stayed, and this action is set for a status hearing at 9 a.m. December 10, 2008 (if something dispositive were to occur in the state court litigation before then, of course either party would be free to bring the matter on by an earlier motion).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 27, 2008